130 N.J. Super. 187 (1974)
325 A.2d 863
EVAN SETH ROST, AN INFANT BY HIS G/a/L MURRAY ROST, AND MURRAY ROST, INDIVIDUALLY, PLAINTIFFS,
v.
BOARD OF EDUCATION OF THE BOROUGH OF FAIR LAWN, THOMAS CANNITO, FRANK J. MONTALBANO AND OLIVE FOX, DEFENDANTS.
Superior Court of New Jersey, Law Division.
September 24, 1974.
*188 Mr. Michael J. Breslin, Jr., for plaintiffs.
Mr. Stephen B. Fenster for defendants (Messrs. Fenster & Fenster, attorneys).
GELMAN, J.S.C.
The first count of the complaint in this action alleges that the infant plaintiff was injured on September 29, 1972 while a student at and on the premises of the Memorial Junior High School in Fair Lawn, New Jersey. The injuries are alleged to have occurred as a result of the negligence of defendant board of education and three employees of the board who are also named as defendants. The second count of the complaint sets forth a claim for consequential damages on behalf of the infant's father.
In addition to a denial of negligence on the part of defendants the answer sets forth as a further defense the failure of plaintiffs to give timely notice of their claims as required under the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., which became effective July 1, 1972. Notice of the claim was not given to the board by plaintiffs until November 2, 1973, well beyond the 90-day period required by N.J.S.A. 59:8-8 and beyond the one-year time limit for judicial approval of the late filing of a claim. N.J.S.A. 59:8-9; see Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974).
Defendants have moved for a dismissal of the complaint because of plaintiffs' failure to comply with the notice requirements of the act, and when the matter was argued defendants conceded that the infant's claim was not barred since N.J.S.A. 59:8-8 expressly extends the time limitations set forth therein for the giving of notice or the institution of an action by an infant until he has become of age.[*]Cf. Giles v. Gassert, 23 N.J. 22, 34 (1956); Moore *189 v. Truesdale, 48 N.J. Super. 257, 261 (App. Div. 1958). Likewise, it was conceded that the notice and time requirements set forth in chapter 8 of the act (N.J.S.A. 59:8-1 et seq.) apply only to claims against public entities and do not afford a defense to negligence claims against public employees. This follows from the explicit language of N.J.S.A. 59:8-3, which limits the application of chapter 8 to actions "brought against a public entity," as distinguished from employees of a "public entity." Compare N.J.S.A. 59:8-3 with N.J.S.A. 59:9-1.
As a result of defendants' concessions there remains for decision the question whether the father's claim for consequential damages is barred as against the board of education. The Tort Claims Act does not except a consequential damage claim from the operation of prescribed time limits, but plaintiff urges that the notice requirement is tolled by N.J.S.A. 2A:14-2.1, which provides:
Where a parent or other person has a claim for damages suffered by him because of an injury to a minor child caused by the wrongful act, neglect or default of any person within this State, an action at law upon such claim may be commenced by the said parent or other person within the same period of time as provided by law in the case of the said minor child so injured, provided that, if an action is commenced by or on behalf of the said minor child, the said claim of the parent or other person shall be asserted and maintained in such action brought on behalf of the injured minor child either as a plaintiff *190 or third party plaintiff and if not so asserted shall be barred by the judgment in the action brought on behalf of said injured minor child.
This statute provides, in effect, that the time period for the commencement of an action on the parental claim shall be coextensive with the limitation period applicable to the infant's claim so long as the parent's claim is joined in the same action as that of the infant. Prior to the passage of N.J.S.A. 2A:14-2.1 our courts had held that the parental claim was not derivative but constituted a separate and independent cause of action which was barred by the running of the statute of limitations even though the infant's claim was tolled by reason of N.J.S.A. 2A:14-21.[2]Higgins v. Schneider, 61 N.J. Super. 36 (App. Div.), aff'd 33 N.J. 299 (1960); cf. Trevorrow v. Boyer, 52 N.J. Super. 215 (Law Div. 1958) (consequential claim against Unsatisfied Claim and Judgment Fund barred by failure to give timely notice to Fund even though infant's claim held tolled by N.J.S.A. 2A:14-21).
N.J.S.A. 59:8-8 conditions the institution of a civil action against a public entity upon the giving of timely notice of the claim. The notice requirement does not "affect the statute of limitations" time period otherwise provided for in the Tort Claims Act. See Comment to § 59:8-1, Report of the Attorney General's Task Force on Sovereign Immunity (1972). The purpose of the claim notification requirement is to afford the public entity an opportunity to investigate and attempt to settle the claim prior to the *191 institution of suit, see Comment to § 59:8-3, op. cit., and the accomplishment of that purpose has no relationship to the time period in which an action must be commenced.
The tolling provisions of N.J.S.A. 2A:14-2.1 are directed solely to the extension of the limitation period for the institution of a civil action and do not affect notice requirements which must otherwise be met as a condition of liability. Thus, where the parent has given timely notice of his claim under N.J.S.A. 59:8-8, under N.J.S.A. 2A:14-2.1 the period of time in which he may institute his action is the same as that which applied to the infant.
A reference to the legislative history of N.J.S.A. 2A: 14-2.1 confirms this view. Memoranda in the files of the State Archives from the Attorney General and Counsel to the Governor indicate that the purpose of this legislation was specifically to avoid the result reached in Higgins v. Schneider, 61 N.J. Super. 36, supra, so as to reduce the number of court cases consequential to an infant's injury. At the time the statute was passed the decision in Trevorrow v. Boyer, supra, was presumably known to the authors of the bill. In that case, the court held that a parental consequential claim was barred by failure to give timely notice of the claim to the Unsatisfied Claim and Judgment Fund as required by N.J.S.A. 39:6-65. Had the Legislature intended to toll such notice requirements in addition to the limitation period of the general statute of limitations it would have included language to that effect within N.J.S.A. 2A:14-2.1.
In enacting the Tort Claims Act the Legislature declared that "public entities shall only be liable for their negligence within the limitations of this act," N.J.S.A. 59:1-2, and that they are not liable for personal injuries except as provided by the act, N.J.S.A. 59:2-1. Under N.J.S.A. 59:8-8 the Legislature did not extend the tolling provisions for the filing of an infant's claim to the parent's claim for consequential damages. In the absence of any express exemption from the prescribed conditions for the assertion of *192 a claim such as involved here, the judicial expansion of the act "would constitute an unwarranted exercise of the legislative function". New Jersey State P.B.A. v. Morristown, 65 N.J. 160, 167 Bergen County Sewer Auth. v. Hackensack Meadowlands Dev. Comm. 129 N.J. Super. 519 (Law Div. 1974).
Judgment will be entered dismissing the second count of the complaint as against the defendant board of education of the Borough of Fair Lawn.
NOTES
[*] N.J.S.A. 59:8-8 reads as follows:

A claim relating to a cause of action for death or for injury to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity if:
a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or
b. Two years have elapsed since the accrual of the claim; or
c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.
Nothing in this section shall prohibit an infant or incompetent person from commencing an action under this act within the time limitations contained herein, after his coming to or being of full age or sane mind.
[2] The text of N.J.S.A. 2A:14-21 is as follows:

If any person entitled to any of the actions or proceedings specified in sections 2A:14-1 to 2A:14-8 or sections 2A:14-16 to 2A:14-20 of this title or to a right or title of entry under section 2A:14-6 of this title is or shall be, at the time of any such cause of action or right or title accruing, under the age of 21 years, or insane, such person may commence such action or make such entry, within such time as limited by said sections, after his coming to or being of full age or of sane mind.