132 N.J. Super. 100 (1975)
332 A.2d 236
JOANNE J. REALE, BY HER GUARDIAN AD LITEM, SALVATORE J. REALE AND SALVATORE J. REALE, INDIVIDUALLY, PLAINTIFFS,
v.
THE TOWNSHIP OF WAYNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 10, 1975.
*104 Mr. Anthony Fiorello for plaintiffs (Mr. Paul Seligman, attorney).
Mr. Jeffrey M. Kadish for defendant (Messrs. Morgan, Melhuish, Monaghan, McCoid & Spielvogel, attorneys).
*105 ROSENBERG, J.S.C.
This action is brought on behalf of infant plaintiff and her father seeking damages for injuries suffered by the infant in a fall from a bicycle. The complaint filed September 14, 1973 alleges that the little girl fell and was injured on July 7, 1973 when her bicycle struck a depression in a street controlled and maintained by defendant municipality. It contains three counts, the first two encompassing claims on behalf of the injured infant and the third on behalf of her father seeking recovery of money expended in having his daughter's injuries treated. In its answer the township denies all allegations of negligence and sets out various separate defenses including a claim that it is immune from suit. The matter is now before the court on defendant's motion for summary judgment dismissing the complaint or, in the alternative, limiting the extent of plaintiffs' potential recovery.
The basis for defendant's motion to dismiss is strictly limited to a question of law and does not involve resolution of any issue of material fact. It is, therefore, ripe for summary judgment. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). Defendant's argument is that plaintiffs have failed to comply with mandatory provisions of the Tort Claims Act, N.J.S.A. 59: 1-1 et seq., requiring that timely notice of all claims against a public entity be given else a bar be imposed on action against the entity. It is for the court to determine the applicability of such provisions to the instant facts and the effect thereto.
At the outset it should be noted that defendant has been careless in its pleadings. Under R. 4:5-4 a responsive pleading must specifically set forth the separate defenses raised. In the present motion defendant seeks dismissal on the basis of plaintiffs' alleged noncompliance with provisions of the Tort Claims Act. Such noncompliance is not set out in the answer as a separate defense. Rather, defendant makes the broader claim of immunity from suit, a defense which was effectively abrogated with the effective date *106 of the act (July 1, 1972, N.J.S.A. 59:14-4) and, therefore, not available at any time instant to this lawsuit. Thus defendant pleads a defense no longer viable and moves for judgment under a defense which it fails to affirmatively plead.
In Jackson v. Hankinson, 94 N.J. Super. 505, 514 (App. Div. 1967), aff'd. 51 N.J. 230 (1968), the court determined that under R.R. 4:8-3, the source rule of R. 4:5-4, the defense of qualified immunity of a municipality had to be specifically pleaded in order to avoid surprise, which purpose it identified as "the spirit of the rule." However, it went on to qualify this pleading requirement where public policy compelled having the defense before the court and the other party was not prejudiced, citing Douglas v. Harris, 35 N.J. 270 (1961), as authority. This same rationale is directly applicable to the present case. The public policy in having the Tort Claims Act applied here is as compelling as that in Jackson, supra. Although not pleaded, invocation of the act should come as no surprise to plaintiffs in view of the pleading of sovereign immunity, a defense which is at least of the same genre as those encompassed by the act. Plaintiffs have complained of no surprise or prejudice and the court perceives none. While it is clear that an affirmative defense under the act should properly be pleaded under R. 4:5-4, failure to do so may be excused by the court under appropriate circumstances. Such circumstances are extant here.
The purpose of the Tort Claims Act is to modify the doctrine of sovereign immunity and create limited situations in which individuals may bring tort claims against public entities. N.J.S.A. 59:1-2. In keeping with this purpose the act provides certain procedures which must be followed in instituting and pursuing such claims. Among them is provision for notification of the entity of any claim against it. N.J.S.A. 59:8-1 et seq. lays out the manner in which claims are to be presented. Included within the *107 presentment scheme is a time provision encompassed in N.J.S.A. 59:8-8:

59:8-8. Time for presentation of claims
A claim relating to a cause of action for death or for injury to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity if:
a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or
b. Two years have elapsed since the accrual of the claim; or
c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.
Nothing in this section shall prohibit an infant or incompetent person from commencing an action under this act within the time limitations contained herein, after his coming to or being of full age or sane mind.
N.J.S.A. 59:8-9 modifies the bar to action created in the above cited section by permitting filing of notice within one year of accrual of a claim on application to and with approval of the superior court. The effect of these sections is to create an absolute bar to action under the act if notice of claim is not filed within 90 days or one year, as the case may be, or if failure to file such notice is not excused.
On the instant facts plaintiffs fail to comply with either the 90 day or one year requirements. A cause of action accrued on behalf of the infant on July 7, 1973, the date of her injury. The record does not show that a formal notice of claim was ever filed or that judicial leave was sought to file a late claim. It is on this ground that defendant seeks to invoke the bar in N.J.S.A. 59:8-8. Plaintiffs argue that the last sentence of the section tolls the notice requirement and therefore avoids a bar to their action. Since it is clear that the notice requirements have not been observed the question is the extent to which the language of the last sentence excuses such noncompliance.
*108 In Rost v. Bd. of Ed. Fair Lawn, 130 N.J. Super. 187 (Law Div. 1974) the court was faced with facts substantially the same as those in this case. There as here an action for injuries allegedly suffered by an infant was brought against a public entity without the proper filing of a notice of claim. On argument defendant conceded that the time limitations for filing notice were tolled as they affected the infants' action, and the court in its opinion dealt exclusively with the viability of the father's claim for consequential damages. Here defendant does not concede that the infant's claim is viable. Rather it asserts that the language of the last sentence of N.J.S.A. 59:8-8 tolls only the limitations period for commencing an action and not the condition precedent of complying with the notice requirements. The argument is that if the notice provisions are observed within the time periods set out in N.J.S.A. 59:8-8, the child's action may be commenced within the limitation period provided by the section after she reaches majority, but that if such provisions are not met the bar to action is mandatorily invoked. To support this contention defendant relies heavily on California case law on the ground that the California Tort Claims Act of 1963, Cal. Gov't. Code § 810 et seq. closely parallels the New Jersey act and the case law under it is entitled to considerable weight by our courts. Because of the absence of case law construing our act defendant argues its position by analogy to the California experience.
In the preparation and drafting of the New Jersey act consideration was given to the California act and its background and impact. See Report of the Attorney General's Task Force on Sovereign Immunity (1972) Chapter 4. However the New Jersey act does not reflect all the provisions contained in the California act. The California statute includes a fairly elaborate scheme for granting leave to file an untimely notice of claim. Cal. Gov't. Code § 946.6(c) (2) extends relief from the notice provisions to the case of minors but such relief is limited by the terms of that and other sections. See Cal. Gov't. Code §§ 911.2, *109 911.4, 911.6 and 945.4. Nowhere in the California act does there appear language comparable to that in the last sentence of N.J.S.A. 59:8-8. This indicates an intention by our Legislature to depart from the scheme adopted in California. When an act is adopted in this State which is a substantial reproduction of an act of another state on the same subject the interpretation given that act by the courts of that state is presumed to have been adopted by our Legislature as indicating its purpose and effect. Williams v. Knox, 10 N.J. Super. 384 (Law Div. 1950); Ford Motor Co. v. N.J. Dept. of Labor & Industry, 7 N.J. Super. 30 (App. Div. 1950); Rutkowsky v. Bozza, 77 N.J.L. 724 (E. & A. 1909). Since the last sentence of N.J.S.A. 59:8-8 is not such a reproduction the interpretation by the California courts is not on point and therefore is not given effect.
In the official comment to N.J.S.A. 59:8-3 the purpose of the entire claim notification requirement under Chapter 8 of the act is expressly stated: "* * * (a) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (b) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense." Against this expression of legislative intent the rationale for requiring timely notice has two distinct purposes: to expedite investigation with the hope of reaching nonjudicial settlement and to protect the public entity's access to current information about the incident giving rise to the claim. The weight of these policies is reflected in the mandatory bar for failure to comply with the 90 day or one year requirements of N.J.S.A. 59:8-8 and 59:8-9.
The last sentence of N.J.S.A. 59:8-8 establishes an exception to the requirement for timely notice by preserving actions on behalf of infants or incompetents regardless of compliance with the notice rules. The language is closely akin to that in N.J.S.A. 2A:14-21 which tolls *110 the statute of limitations and preserves an infant's right of action during minority and within the limitations period thereafter. Smith v. Felter, 61 N.J.L. 102, 104 (Sup. Ct. 1897); Higgins v. Schneider, 61 N.J. Super. 36, 38 (App. Div. 1960), aff'd 33 N.J. 299 (1960). The self-evident purpose of such a tolling is to protect the interests of those under legal disability until a time when the disability is cured. In the context of N.J.S.A. 59:8-8, however, the effect is to frustrate expeditious notice of claim, a result which is contrary to the expressed intention of the notice provisions. Faced with conflicting policies the role of the court in construing the statute is to give full effect to all parts of the statute insofar as it is possible. Household Fin. Corp. v. State Bd. of Tax Appeals, 119 N.J.L. 230, 234 (Sup. Ct. 1937); Beard v. Aldrich, 106 N.J.L. 266, 270 (Sup. Ct. 1930), aff'd 107 N.J.L. 516 (E. & A. 1931). The task in construing N.J.S.A. 59:8-8 is to harmonize to the greatest extent possible the policy of giving timely notice of claim with that of extending time to protect the interests of infants.
The language of the last sentence of the section makes it clear that in the case of infants timely notice cannot be compelled through use of the mandatory bar to action. However, short of prohibiting suit such actions must be brought "within the time limitations" of the section. One such limitation which does not act to forestall action is the requirement that no suit be commenced for at least six months after notice of claim is given. The comment to N.J.S.A. 59:8-3, supra, states that the purpose of this provision is to promote settlement of meritorious claims. Such a purpose is as relevant to the claims of infants as to those of adults. While failure to file proper and timely notice cannot bar suit on behalf of infants such claims should nonetheless be presented in proper form in order to expedite prelitigation settlement. An action commenced without notice and running of the six month period should be dismissed on motion for failure to comply with statutory terms. Since *111 there is no bar for premature commencement of suit such dismissal would be without prejudice and with leave to recommence suit, upon compliance with the six month requirement. In this way effect may be given to the policy of promoting non-judicial settlements while at the same time affording infants the protection which the Legislature meant them to have.
In this action plaintiffs commenced suit without serving notice of claim and without the running of a six month settlement period. Such a situation normally would compel that a motion for summary judgment to dismiss be granted without prejudice as described above. However, to grant such a dismissal on the present facts would be inappropriate. Although the defendant public entity did not have the requisite period in which to investigate the claim, over a year has passed since the complaint was filed. During that period defendant has had ample opportunity through pretrial discovery to study the merits of plaintiffs' claim and work toward a settlement. To dismiss the complaint without prejudice at this late date would be contrary to the intent of our court rules to provide for "simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay." R. 1:1-2. If less than six months had passed since the action was commenced or if a showing was made that the municipality was frustrated in undertaking an investigation of the claim, dismissal without prejudice would be appropriate. On the present facts such action by the court would constitute a hindrance rather than a help to efficient disposition of infant plaintiff's claim. Dismissal without prejudice is therefore rejected.
At oral argument plaintiffs' counsel suggested that although formal notice provisions were not observed, the filing of the complaint served the same notification function and therefore satisfied the requirements of N.J.S.A. 59:8-8. This argument runs counter to the entire rationale of the notice sections since initiation of litigation makes settlement prior to suit impossible. While our courts recently have *112 applied the doctrine of substantial compliance to the notice provisions of Chapter 8, Dambro v. Union Cty. Pk. Comm., 130 N.J. Super. 450 (Law Div. 1974), the serving of notice by complaint should not be viewed as a permissible liberalization of the notice rules. Unlike Dambro, where the court applied the notice rules expansively as a means of realizing the legislative intention, permitting the complaint to serve as notice of claim would be in derogation of the Legislature's will. It is axiomatic that the court should not give effect to such an interpretation. Alex. Hamilton Hotel Corp. v. Bd. of Review, 127 N.J.L. 184, 187 (Sup. Ct. 1941); Lynch v. Boro of Edgewater, 8 N.J. 279, 286 (1951). The unwillingness of this court to enforce the six months requirements and dismiss the complaint does not evidence an acceptance of plaintiffs' argument. Rather it is an attempt to efficiently deal with the situation presented.
As previously noted plaintiffs' complaint consists of three counts. Since the first two encompass the claim of the infant they are not subject to bar. However, the third count on behalf of the child's father is not preserved by the last sentence of N.J.S.A. 59:8-8. As the court said in Rost v. Bd. of Ed. Fair Lawn, supra, 130 N.J. Super. at 191, "Under N.J.S.A. 59:8-8 the Legislature did not extend the tolling provisions for the filing of an infant's claim to the parent's claim for consequential damages." The reasoning leading to this conclusion in Rost is persuasive and the facts in that case as to the parent's claim are indistinguishable from those here. Such being the case the holding in Rost is directly on point. Therefore, summary judgment as to the father's claim is properly granted and the third count of the complaint is dismissed.
Defendant's final contention is that infant plaintiff's potential recovery should be limited to damages for injuries suffered and should not include recovery for permanent injury. This position is based on N.J.S.A. 59:9-2(d):

*113 59:9-2. Interest and limitations of judgments

* * *
d. No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $1,000.00. For purposes of this section medical treatment expenses are defined as the reasonable value of services rendered for necessary surgical, medical and dental treatment of the claimant for such injury, sickness or disease, including prosthetic devices and ambulance, hospital or professional nursing service.
Defendant argues that the intent of this section is to prevent recovery of speculative damages in cases where medical expenses incurred are below the stated amount. Based upon answers to interrogatories supplied by plaintiffs to the effect that a total of $447 has been expended on the child's medical care, the claim is that infant plaintiff is barred from recovering more than her actual loss. Plaintiffs counter with the argument that "pain and suffering" differs from permanent injury as an element of damages and that the section therefore does not preclude recovery for such injuries. Both arguments necessarily depend upon the purpose of the section and the proper characterization of the child's claim.
In awarding damages in a tort case the rationale is to compensate the plaintiff and make good the injury done or loss suffered. Berg v. Reaction Motors Div., 37 N.J. 396, 412 (1962); N.J. Power & Light Co. v. Mabee, 41 N.J. 439, 441 (1964). In Theobold v. Angelos, 40 N.J. 295 (1963) the court succinctly stated the criteria which the trier of fact should consider to this end:
First, the jurors must decide on the evidence whether the defendant on trial was guilty of negligence * * *. After reaching an affirmative conclusion on that subject, they should then pass to a determination of the amount of compensation to be awarded. Here they have to realize that their duty is to give to the plaintiff the total sum which represents reasonable compensation for his injuries and losses. That means such sum as would be reasonable compensation for his bodily injuries, for the pain and suffering resulting therefrom, past, present *114 and future, for the effect of those injuries upon his health according to their degree and probable duration, and for any permanent disability which in reasonable probability has resulted or will result. To that sum should be added all expense, past and future, reasonably necessary or incidental to plaintiff's efforts to cure or alleviate his injuries or resulting disability, and all other pecuniary losses suffered or to be suffered in the future as the result of his inability to engage in his usual occupation. (at p. 304)
It is clear from this passage that pain and suffering and permanent disability comprise separate elements in a plaintiff's overall recovery of "reasonable compensation for his injuries and losses." Damages for pain and suffering represent recovery for physical discomfort and distress resulting from injuries caused by defendant's negligence. Botta v. Brunner, 26 N.J. 82, 95 (1958); Doud v. Housing Auth. of Newark, 75 N.J. Super. 340, 346 (App. Div. 1962). Damages for permanent disability on the other hand encompass compensation for permanent or temporary injury resulting in disability to or impairment of plaintiff's faculties, health or ability to participate in activities. Simmel v. N.J. Coop. Co., 28 N.J. 1, 15 (1958); Mengle v. Shields, 53 N.J. Super. 76, 80 (App. Div. 1958). Assessing damages in both situations is left to the sound discretion of the jury based on their consideration of the evidence and the application of pertinent rules of law. Botta v. Brunner, supra, 26 N.J. 103; Dandrea v. Centofante, 13 N.J. Super. 445, 447 (App. Div. 1951).
On its face N.J.S.A. 59:9-2(d) would appear to limit recovery only for pain and suffering and not for permanent injury. Defendant however places great reliance on the comment accompanying the section which raises a question of the impact of the term "pain and suffering" as it is used therein:
The limitation on the recovery of damages in subparagraph (d) reflects the policy judgment that in view of the economic burdens presently facing public entities a claimant should not be reimbursed for non-objective types of damages, such as pain and suffering, except in aggravated circumstances  cases involving permanent loss of a *115 bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $1,000. The limitation that pain and suffering may only be awarded when medical expenses exceed $1,000 insures that such damages will not be awarded unless the loss is substantial. [emphasis supplied]
The italicized phrase read in juxtaposition with the language of the section raises considerable doubt as to the intention of the Legislature in limiting recovery. If "pain and suffering" is merely exemplary of the types of damages which are not recoverable then the limitation assumedly extends beyond "pain and suffering." The term "non-objective types of damages" is undefined making it difficult to ascertain to what other elements of recovery the limitation was meant to apply. An initial determination must be made as to the effect of the inconsistent language in the section and comment.
It is elementary that the role of the court in construing a statute is to give effect to the legislative intent. State v. Madden, 61 N.J. 377, 389 (1972); Safeway Trails, Inc. v. Furman, 41 N.J. 467, 477 (1964). In doing this the legislative will should be enforced as written and not according to some unexpressed intention surmised by the court to be present. Lynch v. Boro of Edgewater, supra, 8 N.J. at 286; Hoffman v. Hock, 8 N.J. 397, 409 (1952). The instant situation is unique because the apparent intent expressed in the statute seems to be expanded by the language of the comment. While the court recognizes this apparent expansion of meaning it cannot ignore the fact that the language of the statute is explicit and clear and free of ambiguity. In such a case it is a rule of long standing that extrinsic evidence should not be viewed as an indication that the Legislature intended something other than what it actually expressed. Bass v. Allen Home Improvement Co., 8 N.J. 219, 226 (1951); Rosenthal v. State Employees' etc. Sys. of N.J., 30 N.J. Super. 136, 140 (App. Div. 1954). Although the comment is included in our annotated statutes it does not have force of law. To use it to expand the clear *116 statutory language invites the court to speculate upon the legislative will in a manner which is inappropriate. If the Legislature had intended the term "pain and suffering" to encompass other elements of recovery such as permanent injury it would have been a simple matter for it to have said so. The court is unwilling to ascribe such an intent to the lawmakers in the face of the language of the section. It is held as a matter of law that N.J.S.A. 59:9-2(d) does not bar infant plaintiff's potential recovery for permanent injuries regardless of her medical expenses.
It should also be noted that the fact that the child's medical expenses have not reached $1000 does not necessarily bar recovery for pain and suffering. The term "medical treatment expenses" is defined in the section as "the reasonable value of services rendered for necessary surgical, medical and dental treatment of the claimant * * *." Plaintiffs' counsel represented to the court that because of the child's tender years it is not yet certain what monies may have to be expended for her care. In such a case "necessary treatment" may well include considerable future expenditures. If "permanent loss of a bodily function, permanent disfigurement or dismemberment" is proved and competent evidence of anticipated future medical expenses is introduced so that the total medical expenses are in excess of $1000 the bar to recovery for "pain and suffering" should be lifted.
Motion for summary judgment dismissing counts one and two of the complaint is denied. Motion for summary judgment dismissing count three of the complaint is granted. Motion for partial summary judgment as to damages is denied.
Submit an order accordingly.