136 N.J. Super. 585 (1975)
347 A.2d 377
JOSE LAMEIRO, AN INFANT BY HIS GUARDIAN AD LITEM, JOSE LAMEIRO AND JOSE LAMEIRO, INDIVIDUALLY, PLAINTIFFS,
v.
WEST NEW YORK BOARD OF EDUCATION, ANTHONY LODERBOLE AND MARK ROGICH, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 17, 1975.
*586 Mr. Louis J. Santore for plaintiffs.
Ms. Linda A. Palazzolo for defendants West New York Board of Education and Anthony Loderbole (Messrs. McElroy, Connell, Foley & Geiser, attorneys).
Mr. John R. Lanza for defendant Mark Rogich (Mr. Robert J. Casulli, attorney).
BILDER, J.S.C.
This is a motion by a school board to dismiss a claim by a student for failure to comply with the notice provisions of the New Jersey Tort Claims Act and to dismiss a cross-claim by an alleged employee for indemnity on the ground that the indemnity provision of the Education Law relied on by the cross-claimant has been repealed by the New Jersey Tort Claims Act.
*587 On April 10, 1974 the infant plaintiff received an injury when he was pushed down a stair by another student. At that time the infant plaintiff was one of a group of fourth grade students attempting to enter the school prior to the expiration of the lunch period, and apparently his entrance was barred by an older student assigned to the school entrance as a monitor. It would seem the injury occurred in connection with a confrontation between students attempting to enter the building and the monitor seeking to bar their way.
Suit was started December 18, 1974 without the giving of any of the notices required by chapter 8 of our Tort Claims Act.

Compliance with the Notice Provision of the Act
Plaintiff admits a failure to comply with the requirements of N.J.S.A. 59:8-8 (filing of a claim) or N.J.S.A. 59: 8-9 (filing of a late claim). He contends, however, that sufficient notice was given to the appropriate authorities as would amount to substantial compliance with the statutory requirements and thus excuse his technical default.
Initially it should be noted that the filing of the complaint is not substantial compliance. Reale v. Wayne Tp., 132 N.J. Super. 100, 112 (Law Div. 1975).
Plaintiff contends that substantial compliance was given by virtue of a letter written to the school principal by plaintiff's attorney on April 26, 1974, some 16 days after the accident in which the principal was advised as follows:
I represent the above named in connection with a claim for personal injuries sustained as a result of being pushed down a stairs.
I would appreciate you would mailed [sic] me the name and address of the student who pushed Jose Lameiro and also any details of the accident that are available.
Thank you for your kind cooperation.
There is nothing about this letter that would give any notice of any intention to assert a claim against the public entity nor is there anything in the letter to suggest that the *588 public entity has done anything wrong. This letter suggests, rather, that there is an intention by one infant to assert a claim against another infant.
Substantial compliance with the notification requirements may be sufficient. Dambro v. Union County Park Comm'n, 130 N.J. Super. 450 (Law Div. 1974); Vedutis v. Tesi, 135 N.J. Super. 337 (Law Div. 1975). Substantial compliance, however, is based on the notion that substantially all of the required information has been given to those to whom the notice should be given and that it has been given in a form which should alert the recipient to the fact that a claim is being asserted against the sovereign. To put it another way, substantial compliance means that the notice has been given in a way, which though technically defective, substantially satisfies the purposes for which notices of claims are required. Notification requirements have been recognized as serving two purposes: (1) to allow at least six months for administrative review so as to permit settlement of meritorious claims, and (2) to provide prompt notice in order to permit adequate investigation and proper defense. Reale v. Wayne Tp., supra 132 N.J. Super. at 109; Dambro v. Union County Park Comm'n, supra 130 N.J. Super. at 455; Comment to N.J.S.A. 59:8-3, Report of the Attorney General's Task Force on Sovereign Immunity, 230 (1972).
In this case there is no question that plaintiffs have not only failed to comply with the requirements of the statute in form but also in substance. Therefore, defendant's motion to dismiss the claims of the infant and his father must be granted.
It should be noted that the granting of the motion does not bar the infant from bringing the claim. The last sentence of N.J.S.A. 59:8-8 tolls both the limitation time for bringing suit and the notice requirement. Reale v. Wayne Tp., supra 132 N.J. Super. at 108-111; Vedutis v. Tesi, supra.
As to whether the parent's derivative claim is tolled, there is a split of authority. Notice not tolled: Rost v. Fair Lawn Bd. of Ed., 130 N.J. Super. 187, 191 (Law Div. 1974); *589 Reale v. Wayne Tp., supra 132 N.J. Super. at 112. Notice tolled: Vedutis v. Tesi, supra. The resolution of this problem is not before this court at the present time.
In granting this motion the court is aware of the fact that Judge Rosenberg in Reale felt that it would be appropriate to permit the infant's case to go forward even though no notice had been given. He did this on the pragmatic ground that a dismissal followed by a new suit would be a mere exercise.
I do not know the particular facts that were before him in that case but it is this court's opinion that the notice provisions of chapter 8 of our Tort Claims Act are important and must be enforced. The protection afforded by the Legislature to the public entity should be respected. To permit a suit to continue in violation of chapter 8 would be to dilute the effectiveness of a legislatively mandated condition precedent to suit.

The Indemnity Claim
As previously noted, defendant school board seeks to dismiss the indemnity cross-claim of the codefendant.
It is argued that the provisions of N.J.S.A. 18A: 16-6 which mandate indemnity for employees of boards of education have been repealed by the Tort Claims Act. If so, it is because N.J.S.A. 18A:16-6 is inconsistent with the Tort Claims Act and not by virtue of any express repealer. N.J.S.A. 59:12-2.
N.J.S.A. 18A:16-6 reads as follows:
Whenever any civil action has been or shall be brought against any person holding any office, position or employment under the jurisdiction of any board of education, including any student teacher, for any act or omission arising out of and in the course of the performance of the duties as such office, position, employment or student teaching, the board shall defray all costs of defending such action, including reasonable counsel fees and expenses, together with costs of appeal, if any, and shall save harmless and protect such person from any financial loss resulting therefrom; and said board may arrange *590 for and maintain appropriate insurance to cover all such damages, losses and expenses.
The Tort Claims Act contains a seeming anomaly. Notice provisions which protect public entities by furnishing the opportunity for prompt investigation and a reasonable chance for settlement have been set forth in chapter 8 and unless these notices are given claims against public entities are barred. N.J.S.A. 59:8-3. No such notice need be given with respect to public employees. Rost v. Fair Lawn Bd. of Ed., supra 130 N.J. Super. at 189; Lutz v. Semcer, 126 N.J. Super. 288, 300 (Law Div. 1974).
Note, however, that if the employee is entitled to indemnity, the public entity as a practical matter can be made to respond without being afforded the protections of chapter 8.[1] Thus, in the absence of any indication to the contrary, conceptually one might expect the Tort Claims Act to bar indemnification of employees by public entities. And it would follow that N.J.S.A. 18A:16-6, mandating indemnification of employees by boards of education, would be inconsistent with the Tort Claims Act and thus repealed.
Indemnity, however, is not alien to the act. Indeed, it is mandated for all state employees, N.J.S.A. 59:10-1, and permissive as to local public entities. N.J.S.A. 59:10-4. Thus the provisions of N.J.S.A. 18A:16-6 mandating indemnity for employees of local boards of education are fully consonant with the provisions of the Tort Claims Act and are not repealed by it.
I find nothing in the Tort Claims Act which is inconsistent with the indemnity provisions of the Education Law. Repealer by implication is not favored in the law and should not be so construed. "In the absence of an express repealer, there must be a clear showing of legislative intent to effect *591 a repeal." N.J. State P.B.A. v. Morristown, 65 N.J. 160, 164 (1974).
Defendant school board's motion to dismiss plaintiff's claim is granted and its motion to dismiss the codefendant's cross-claim for indemnity is denied. In order to eliminate the procedural anomaly of a cross-claim for contribution and indemnity after the direct claim has been dismissed, the pleading shall be amended to substitute a third-party action for contribution and indemnity against the school board in place of the cross-claim.
NOTES
[1] A similar result can obtain by virtue of third party actions for contribution. See Markey v. Skog, 129 N.J. Super. 192 (Law Div. 1974).