139 N.J. Super. 409 (1976)
354 A.2d 338
ANTHONY ANAYA AND GERALDINE ANAYA, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF VERNON, NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 9, 1976.
Decided February 20, 1976.
*410 Before Judges ALLCORN, KOLE and KING.
Messrs. Miller and Miller, attorneys for appellants (Mr. Robert S. Miller on the brief).
*411 Messrs Dolan and Dolan, attorneys for respondent (Mr. Robert T. Morgenstern, of counsel and on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
Plaintiff Geraldine Anaya claims to have been injured when a bicycle she was operating hit ruts in a road in Vernon Township, causing her to lose control and "sending" the bicycle into a "very deep ditch" along the edge of the road. She alleges that she was thrown from the bicycle and her knee struck a conduit protruding from the ditch. The accident occurred September 1, 1972.
She and her husband Anthony retained counsel in August 1973, who thereafter moved for an order to file a notice of late claim under N.J.S.A. 59:8-9 against defendant Township of Vernon. On October 10, 1973 the court granted them leave to file such a notice with the township by October 25, 1973. The notice of claim was filed with defendant on October 11, 1973.
This action was commenced by plaintiffs on November 4, 1974, more than two years after the occurrence of the accident and injuries arising therefrom.
Defendant moved for summary judgment on the ground that the action was barred by the statute of limitations. The motion was granted. This appeal followed.
Plaintiffs contend that, in view of the fact that they did not have the right to maintain the action under the New Jersey Tort Claims Act until six months from the date of the filing of the notice of claim, the earliest date that they could file the complaint was "March 11, 1974" and that they had two years from that date in which to commence the action. The argument is that a claimant must file his action within two years of the "accrual" of the claim; that such accrual commences when the claimant has a right to maintain a suit against the municipality, and that that right did not accrue until six months after the filing of the notice of late claim authorized by the court order.
*412 We affirm the summary judgment in favor of defendant township.
N.J.S.A. 59:8-9 relating to notice of late claims provides that "in no event may any suit against a public entity arising under this act be filed later than 2 years from the time of the accrual of the claim." Plaintiffs' construction of the term "accrual" would convert this express limitation of actions to one in which the authorization to file a notice of late claim itself would create an "accrual" of the action within six months after such filing for the purpose of this two year period. It would also be contrary to the provisions of N.J.S.A. 59:8-8, relating to the usual filing of claims with the public entity, that "the claimant shall be forever barred from recovery against a public entity if: * * * b. Two years have elapsed since the accrual of the claim", and N.J.S.A. 59:8-1 defining "accrual" as "the date on which the claim accrued" but providing that the term "shall not be affected by the notice provisions contained herein."
Plaintiff's contention thus is manifestly without merit. The Tort Claims Act specifically bars the institution of this action. It is plain that the notice provisions of the act, including those relating to when an action may be commenced after notice of a claim is filed, do not affect the statute of limitations provisions applicable to the claim asserted  here, two years from the date of the accident and resulting injury. N.J.S.A. 59:8-1; 59:8-8b; 59:8-9. See also N.J.S.A. 2A:14-2.
Under the facts in the instant case the claim accrued at the time of the accident and injury  September 1, 1972. The filing of the notice of late claim, authorized by the court order, could not and did not extend the period for instituting the action beyond two years from that date. See Rost v. Bd. of Ed. Fair Lawn, 130 N.J. Super. 187, 190 (Law Div. 1974), rev'd on other grounds, 137 N.J. Super. 76 (App. Div. 1975).
*413 Additionally, we note that in this case the court had no authority to permit the filing of the notice of late claim against the township. N.J.S.A. 59:8-9 provides that a claimant may be permitted by the court to file a notice of late claim "at any time within 1 year after the accrual of [the] * * * claim * * *." The claim accrued September 1, 1972. The notice was filed October 11, 1973, more than one year thereafter.
Affirmed.