**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2267-19

ESTATE OF EDGAR C.
GEIGER, III, by the Administratix
JANICE E. GEIGER and JANICE
E. GEIGER, Individually,

     Plaintiffs-Appellants,

v.

ROBERT WOOD JOHNSON
UNIVERSITY HOSPITAL,
DR. VINETTE COELHO-D'COSTA,
DR. EDWARD FEIN,
DR. JOSEPH S. HANNA,
DR. LESLEY RABACH,
DR. SUMANA NARAYANAN,
DR. SHAZIA AMAN,
KATHERINE BARON, R.N.,
ARLENE HENRY, R.N.,
A. RODEL, R.N.,

     Defendants,

and

DR. PAVELA SAHA,
DR. KUSUM PUNJABI,
DR. CHRISTIAN MCDONOUGH,
DR. ALIRAZA DINANI,

Defendants-Respondents.

_____

Argued April 13, 2021 – Decided July 20, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law
Division, Middlesex County, Docket No. L-4067-15.

Randi S. Greenberg argued the cause for appellants and
(Shamy & Shamy LLC, attorneys; George Shamy, of
counsel and on the brief).

Michael J. Lunga argued the cause for respondents Dr.
Pavela Saha, Dr. Christian McDonough and Dr. Aliraza
Dinani (Michael J. Lunga LLC, attorneys; Michael J.
Lunga, on the brief).

Russell J. Malta argued the cause for respondent Dr.
Kusum Panjabi (Orlovsky, Moody, Schaaff, Conlon &
Gabrysiak LLC, attorneys; Paul F. Schaaff, Jr., of
counsel, Russell J. Malta, on the brief).

PER CURIAM

In this medical-malpractice case, instead of serving a tort-claim notice on

Rutgers, the State University of New Jersey – the State entity that actually

employed four defendant doctors – plaintiffs served notices on New Jersey's

Department of Treasury and Robert Wood Johnson University Hospital

(RWJUH). Arguing they substantially complied with the notice requirements of

the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to -12-3 (TCA), plaintiffs

appeal orders dismissing their complaint with prejudice as to the four doctors for failure to file timely tort-claims notices. Unpersuaded, we affirm.

Because the case comes to us as a result of defendants' motions to dismiss, we assume as true all facts alleged by plaintiffs and give them "the benefit of all inferences that may be drawn from those facts." Feinberg v. N.J. Dep't of Env'l Prot., 137 N.J. 126, 129 (1994). Decedent Edgar C. Geiger, III, was admitted to RWJUH on July 12, 2013. According to plaintiffs Estate of Edgar C. Geiger, III, and Janice E. Geiger, defendants' negligence caused his death on July 22, 2013.

In a letter dated October 7, 2013, addressed to "Dept. of Treasury[,] Bureau of Risk Management" and copied to RWJUH, plaintiffs' counsel stated he had been retained to represent Edgar Geiger for injuries sustained on July 12, 2013, and enclosed a claim notice, stating "[e]mployees" of RWJUH had "deviated from accepted standards of care in the care and treatment of the [decedent] resulting in his demise" and identifying RWJUH and "all employees, nurses, doctors and treating individuals whose names appear in the hospital

records" as the state agency and state employees who caused the alleged injuries.[1]

The Department of the Treasury responded in a December 13, 2013 letter, advising plaintiffs' counsel "your notice indicates quite clearly that the claim is against a local public entity and does not involve the State of New Jersey or any of its agencies."

On July 10, 2015, plaintiffs filed a complaint, naming as defendants, among others, RWJUH and doctors Pavela Saha, Kusum Punjabi, Christian McDonough, and Aliraza Dinani. In her answer, which was filed on October 19, 2015, Punjabi claimed entitlement to "the rights and privileges afforded by" the TCA, pleaded "all defenses to which University of Medicine and Dentistry [UMDNJ] is entitled . . . pursuant to the [TCA],"[2] and asserted plaintiffs had

---

[1] In their brief, plaintiffs assert counsel sent the letter before obtaining copies of the decedent's medical records, which were received "sometime in October 2013." Plaintiffs concede those medical records contained "consent forms executed by [the decedent] when he presented for treatment," which "mention[ed] . . . the individual defendants' affiliation with Rutgers/UMDNJ."

[2] In her appellate brief, Punjabi states she was employed by Rutgers at the time of the alleged negligence and notes the motion judge and parties "sometimes referred to [her] employer as UMDNJ, no doubt because the reorganization of UMDNJ into Rutgers . . . occurred just before the alleged negligent conduct in this case." In their appellate brief defendants Saha, McDonough, and Dinani describe UMDNJ as Rutgers's "predecessor" and reference the "reorganization

4

"failed to file the requisite Tort Claims Notice" pursuant to the TCA. In its answer, which was filed on October 22, 2015, RWJUH asserted it is "a private not-for-profit corporation."

In a letter dated October 23, 2015, counsel for defendants Saha, McDonough, and Dinani advised plaintiffs' counsel those defendants were "Rutgers employees." In their answers, which Saha filed on November 9, 2015, and McDonough and Dinani filed on November 23, 2015, Saha, McDonough, and Dinani asserted they were employed by "Rutgers, The State University of New Jersey (formerly [UMDNJ]). . . an agency of the State of New Jersey" and pleaded "every defense" pursuant to the TCA, including "every defense . . . by virtue of [plaintiffs'] failure to comply with the notice provisions" of the TCA. They also made a demand for "a Notice of Claim pursuant to Title 59."

Ninety-one days after McDonough and Dinani filed their answer in which they stated they were employed by Rutgers, defendants Saha, McDonough, and Dinani moved to dismiss plaintiffs' complaint with prejudice for failure "to file a timely Notice of Claim" pursuant to the TCA, arguing the ninety-day time period under the TCA for the filing of a notice of claim had passed, whether

---

of UMDMJ into Rutgers." See N.J.S.A. 18A:64M-2(r) (discussing legislation regarding transfer of certain UMDNJ schools to Rutgers).

using as the accrual date the date of defense counsel's letter (October 23, 2015), the date Saha filed her answer (November 9, 2015), or the date McDonough and Dinani filed their answer (November 23, 2015). Defendant Punjabi also moved to dismiss plaintiffs' complaint with prejudice for "failure to timely file a Notice of Tort Claim," using the date she filed an answer (October 19, 2015) as the accrual date.[3]

Plaintiffs opposed defendants' motions and on March 31, 2016, cross-moved "to permit plaintiffs' filing of a late notice of claim," arguing their October 7, 2013 notices to the Treasury Department and RWJUH substantially complied with the requirements of the TCA and were sufficient to put the State on notice of plaintiffs' claims and, alternatively, exceptional circumstances justified their late claim notice. Defendants opposed plaintiffs' motion, asserting plaintiffs had not demonstrated extraordinary circumstances.

---

[3] In deciding whether plaintiffs substantially complied with the notice requirements of the TCA, we need not opine as to whether the dates defendants filed their answers constituted accrual dates for plaintiffs' claims. We note, though, even with the information provided in the answers regarding defendants' affiliation with Rutgers, plaintiffs took no action to serve notice on Rutgers.

On April 15, 2016, Judge Jamie D. Happas rendered an oral decision, granting defendants' motions and denying plaintiffs' motion.[4] Judge Happas found plaintiffs' October 7, 2013 notices were timely but were "insufficient to constitute a proper notice, as they were not sent to the appropriate entity." Judge Happas held plaintiffs were "required to serve UMDNJ, the local public entity employing the defendants, rather than the State of New Jersey." She found "[a]t the time of receipt of the denial letter from the State, plaintiff could have sought relief from the [c]ourt under N.J.S.A. 59:8-9 seeking permission to serve the late notice on the appropriate local public entity," but "plaintiff did not take advantage of that option." She concluded plaintiffs' claims failed under N.J.S.A. 59:8-8 because plaintiffs' actions were "insufficient to put the appropriate local entity on notice." She also held plaintiffs' October 7, 2013 notices did not "substantially comply" with the requirements of the TCA because "the notices were sent to the wrong entity and did not identify the appropriate person or entities involved," thereby depriving the correct entity of the opportunity to

---

[4] In our April 27, 2020 orders, we denied defendants' motions to dismiss plaintiffs' appeal of the order denying plaintiffs' motion because "[p]laintiff has represented he is not appealing from the denial by the trial court of his motion for leave to file a late notice of claim under the [TCA], but only from the aspect of the trial court's determination that the notice of claim plaintiff did timely file was inadequate."

"investigate or review plaintiff[s'] claim [or] the ability to correct their practices." Judge Happas issued orders granting defendants' motions and dismissing the complaint against them with prejudice. Plaintiffs appeal those orders, arguing their notices to the Department of Treasury and RWJUH substantially complied with the notice requirements of the TCA.

Plaintiffs do not dispute Rutgers employed the defendant doctors; do not contend they served a tort-claims notice on Rutgers, UMDNJ, or the defendant doctors; and do not appeal the motion judge's denial of their motion for leave to file a late notice. Thus, the only issue before us is whether plaintiffs' service on the Department of Treasury and RWJUH constituted substantial compliance with the notice requirements of the TCA. Because only that question of law remains, we review the motion judge's decision de novo. See Jones v. Morey's Pier, Inc., 230 N.J. 142, 153 (2017).

The TCA governs when public entities and their employees are liable for their torts, Nieves v. Adolf, 241 N.J. 567, 574-75 (2020), and "imposes strict requirements upon litigants seeking to file claims against public entities," McDade v. Siazon, 208 N.J. 463, 468 (2011). Rutgers is a public entity to which the TCA applies. See Fine v. Rutgers, State Univ. of N.J., 163 N.J. 464, 468 (2000).

To proceed with a tort claim against a public entity or its employees, a plaintiff must file a notice of claim with the public entity allegedly involved in the tort within ninety days of the cause of action's accrual. O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 345 (2019); see also N.J.S.A. 59:8-8. The purpose of the notice is to allow the public entity to review and investigate the claim, afford it the opportunity to settle the claim, allow it to correct the conditions or practices that gave rise to the claim, and give it advance notice of its potential liability. Velez v. City of Jersey City, 180 N.J. 284, 290 (2004). Accordingly, the notice of claim must "be filed directly with the specific local entity at issue." McDade, 208 N.J. at 476; see also N.J.S.A. 59:8-7 ("[a] claim for injury or damages arising under this act against a local public entity shall be filed with that entity"). The failure to file "within ninety days under normal conditions, or within one year under extraordinary circumstances" bars the plaintiff's claim. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133 (2017); see also N.J.S.A. 59:8-8(a).

To prevent technical defects from barring legitimate claims, courts have applied the equitable doctrine of "substantial compliance." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 159-60 (2013); Lebron v. Sanchez, 407 N.J. Super. 204, 215-16 (App. Div. 2009). "[S]ubstantial compliance means that

the notice has been given in a way, which though technically defective, substantially satisfies the purposes for which notices of claims are required." Lebron, 407 N.J. Super. at 216 (quoting Lameiro v. W. N.Y. Bd. of Educ., 136 N.J. Super. 585, 588 (Law Div. 1975)). Substantial compliance is an equitable doctrine used "to avoid the harsh consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 352 (2001). Parties seeking to apply the substantial-compliance doctrine must demonstrate they took "a series of steps . . . to comply with the statute involved," Id. at 353 (quoting Bernstein v. Bd. of Trs. of the Tchrs.' Pension and Annuity Fund, 151 N.J. Super. 71, 76-77 (App. Div. 1977)), and "those steps achieved the statute's purpose, as for example, providing notice," Cnty. of Hudson v. State Dept. of Corr., 208 N.J. 1, 22 (2011). Substantial compliance applies only if the other party is not prejudiced, ibid., and there is "a reasonable explanation why there was not a strict compliance with the statute," Bernstein, 151 N.J. Super. at 77.

Application of the substantial-compliance doctrine in the tort-claims context "has been limited carefully to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute."

10 A-2267-19

<u>D.D.</u>, 213 N.J. at 159; <u>see e.g.</u>, <u>Lebron</u>, 407 N.J. Super. at 217-19 (holding notice that did not assert expressly a negligent-supervision theory of liability substantially complied given that it identified the plaintiff and her attorney, described and identified the date of the incident, listed the injuries incurred, and demanded damages); <u>Henderson v. Herman</u>, 373 N.J. Super. 625, 633 (App. Div. 2004) (finding notice of claim against police dispatch and emergency transport personnel substantially complied even though plaintiff failed to include names of specific dispatchers).

This case isn't about "technical deficiencies that did not deprive the public entity of the effective notice," <u>D.D.</u>, 213 N.J. at 159, or about "the sufficiency of detail" provided in a notice of claim, <u>Lebron</u>, 407 N.J. Super. at 209. It is about a failure to provide any notice to the public entity at issue, directly defeating the purpose of the TCA's notice requirements.

Contrary to plaintiffs' argument, service on the Treasury Department is not the equivalent of service on Rutgers. In enacting the TCA, the Legislature expressly "required that the notice of claim be filed directly with the specific local entity at issue." <u>McDade</u>, 208 N.J. at 476. N.J.S.A. 59:8-7 provides:

> A claim for damage or injury arising under this act against the State shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission. A

claim for injury or damages arising under this act against a local public entity shall be filed with that entity.

To accept plaintiffs' argument, we would have to ignore that language – something we cannot do. We "must presume that every word in a statute has meaning," In re Att'y Gen.'s "Directive on Exit Polling: Media & Non-Partisan Pub. Int. Grps.", 200 N.J. 283, 297-98 (2009), and we "give effect to every word," Med. Soc'y of N.J. v. N.J. Dep't of Law & Pub. Safety, 120 N.J. 18, 26 (1990).

Plaintiffs' claims arise from the alleged negligence of employees of a local public entity,[5] Rutgers, which plaintiffs never served. Even if plaintiffs were making a claim directly against the State, they would have had to serve a notice of claim on either the Attorney General or the "department or agency involved in the alleged wrongful act," which they also failed to do. See N.J.S.A. 59:8-7. Instead, they served the Department of Treasury, which had nothing to do with the alleged negligence at issue, and RWJUH, which is not a public entity and did not employ the defendant doctors.

---

[5] N.J.S.A. 59:1-3 provides "'State' shall mean the State and any office, department, division, bureau, board, commission or agency of the State, but shall not include any such entity which is statutorily authorized to sue and be sued." N.J.S.A. 59:8-2 provides "[f]or purposes of this chapter 'local public entity' means a public entity other than the State."

Plaintiffs recognized the necessity of filing a tort-claim notice within ninety days of the decedent's death. They simply served the wrong entities and never took steps to ensure they had served the correct entity, even though (1) they knew of the individual defendants' affiliations with Rutgers from the consent forms they had received in October 2013 and the answers defendants had filed in October and November 2015 and (2) they knew RWJUH was not a state entity from the Department of Treasury's December 13, 2013 letter and the answer RWJUH had filed in October 2015. By failing to serve Rutgers – initially and even after they knew it employed the defendant doctors – plaintiffs deprived Rutgers of its statutory right to notice. See D.D., 213 N.J. at 159.

Judge Happas correctly determined that plaintiffs had not actually or substantially complied with the notice requirements of the TCA and properly dismissed their claims as to these defendants.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION