MADELINE KIMPEL, PLAINTIFF-RESPONDENT, v. GEORGE E. MOON AND ARTHUR MANAGER, DEFENDANTS-APPELLANTS.

MARTIN KIMPEL AND MADELINE KIMPEL, PLAINTIFFS-RESPONDENTS, v. ARTHUR MANAGER, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided August 3, 1934.

Before Justices LLOYD, CASE and DONGES.

For the plaintiffs-respondents, *Herbert J. Kenarik.*

For the defendant-appellant, *Mapes Davidson.*

The opinion of the court was delivered by

CASE, J. This is an appeal from a judgment entered in two causes, tried together, in the District Court of the city of East Orange. There was a discontinuance as to the defendant Moon, leaving Arthur Manager the sole defendant. The first suit is for personal injuries suffered by Mrs. Kimpel in a collision between an automobile, in which she was a passenger, driven by the defendant and one owned by Mrs. Kimpel and driven by Mr. Kimpel. The second is by Mrs. Kimpel for her property damage and by Mr. Kimpel for

resultant expenses and loss of consortium. Mrs. Kimpel was awarded $100 for her personal injuries and nothing for property damage; and the co-plaintiff was awarded $40 on his count for expenses and loss of consortium. The court, sitting without a jury, determined that the accident "was caused by the joint negligence of the parties," meaning thereby Martin Kimpel and Arthur Manager, drivers of the respective cars. The appeal is by the defendant.

There are eight points argued. The first is that the question, "Where were you married," asked of Martin Kimpel on cross-examination was overruled. Kimpel's claim for loss of consortium was dependent upon his being Mrs. Kimpel's husband. He had testified on direct that Madeline Kimpel was his wife. On cross the above question was asked, and the examining attorney stated that it was for the purpose of ascertaining whether the relationship of husband and wife in fact existed. The question was clearly grounded in essential testimony brought out during the direct examination. It was both relevant and material. The ruling was erroneous.

Point two relates to a question asked of Mrs. Kimpel which the court overruled. The question was not strict cross-examination. Points three, four and five set out overruled questions asked of the same witness in an effort to lay the foundation for an impeachment but incompetent because not sufficiently definite. Point six complains because the court stopped a witness from testifying that after the accident plaintiff Martin Kimpel "started bawling" at someone—a ruling that was within the realm of judicial discretion. Points two to six, inclusive, present no harmful error.

The question presented under the seventh point is whether the husband, having been found guilty of contributory negligence, may recover for incidental expense and loss of consortium. We may start with the established rule in this state as given by Mr. Justice Depue in *Menger* v. *Laur,* 55 *N. J. L.* 205 (at *p.* 215): "If the plaintiff's negligence contributed to the injury, so that if he had not been negligent he would have received no injury from the defendant's negligence—the plaintiff's negligence being proximately a cause

of the injury—he is without redress *  *  *." It has been said by this court that the underlying theory is that one who invites an injury cannot make it the basis of a recovery. *Schnackenberg & Co.* v. *Delaware, Lackawanna and Western Railroad Co.*, 86 *Id*. 517. The trial court's factual finding that Kimpel was guilty of contributory negligence would, on the face of it, dissentitle him to a recovery. It is said, however, in reliance upon *Consolidated Traction Co.* v. *Hone*, 59 *Id*. 275, and *Van Clik* v. *Hackensack Water Co.*, 2 *N. J. Mis. R.* 1140 (to which may be added the comparatively recent case of *Bastedo* v. *Frailey*, 109 *N. J. L.* 390), that Kimpel's rights were derivative, that he sues not personally but as the husband of Madeline Kimpel and that the question of his negligence is therefore immaterial. We consider that that reasoning is fallacious. A husband who sues for loss of consortium sues not in his wife's right but in his own; likewise as to money disbursements incurred by him. His wife never had the right to those recoveries. Furthermore, the husband, under such circumstances, has not the benefit of a statute comparable to the Death act (2 *Comp. Stat.*, *p.* 1904), upon which the cited cases turn and which, for a death caused by wrongful act, neglect or default, creates a liability to be prosecuted by the personal representative for the benefit of the widow and next of kin, provided there would have been liability to an action by the decedent had death not occurred. That statute being as it is, a suit founded thereon, as was said in *Consolidated Traction Co.* v. *Hone*, *supra*, raises but two questions, first, could the deceased, had he survived, have maintained an action, and second, the first having been answered affirmatively, what pecuniary loss has fallen. But that posture is created by statute and does not exist here.

The contention that the law entitles a man to recover for the loss of his wife's society when he has contributed directly to the act from which that deprivation flows is contrary to the drift of judicial opinion on the legal effect, generally, of contributory negligence and leaves us unconvinced. The courts of the State of New York have taken much the same

view as have we regarding the effect of contributory negligence by a beneficiary upon the right of recovery under a statute for death by wrongful act; but the New York Court of Appeals in *McKay* v. *Syracuse Rapid Transit Railway Co.*, 208 *N. Y.* 359; 101 *N. E. Rep.* 885, remarked:

"So, when injury is caused by the concurring negligence of two or more persons, each is liable for all the damages thus caused, and for the same reason, when damage is caused by the concurring negligence of both the plaintiff and defendant, the former cannot recover at all. The rule would apply in case the plaintiff were suing individually in his own right—*e. g.,* to recover on the defendant's common-law liability to him for injuries to his wife—but it has no application to a statutory action substituted for the wife's common-law action, which abated upon her death. It was for the legislature to prescribe the condition to the maintenance of the statutory action."

We conclude that the trial court, having found as a fact that the husband had by his act contributed directly and proximately to the accident, erred as a matter of law in awarding damages to the husband for loss of consortium and for incidental expense.

Excessiveness of the award to Mrs. Kimpel, set up as point eight, is not cognizable upon appeal.

The judgment below will be affirmed as to the award granted Mrs. Kimpel; and it will be reversed and a new trial had as to Martin Kimpel.