Sanborn, J.
This is an action of tort in which the plaintiff seeks to recover under Count 2 of his declaration for consequential damages sustained by him on account of personal injuries to his wife. She was a passenger in an automobile operated by the plaintiff, when it was in collision with one operated by the defendant. The Court found the operators of both cars were negligent, and that the negligence of each contributed to the accident, but that the plaintiff’s wife was in the exercise of due care. The Court found for the plaintiff on Count 2. Thereafter, the defendant moved for a new trial on the ground the finding was against *419 the evidence and against the law, and at the hearing on this motion filed two requests for rulings, as follows:
1. As a matter of law a finding should have been entered for the defendant on the plaintiff’s count for consequential damages after the Court found as a fact that the negligence of the plaintiff contributed to the accident as a result of which the plaintiff’s wife was injured.
2. The Court having found as a fact that the plaintiff’s negligence contributed to the accident as a result of which his wife was injured, a finding should have been entered for the defendant on the Count in the plaintiff’s declaration claiming consequential damages on account of his wife’s injuries, and therefore a new trial should now be granted.
These requests as well as the motion for a new trial were denied.
The granting or the denying of a motion for a new trial rests wholly in sound judicial discretion and is not reviewable unless there is an abuse of that discretion. Davis vs. Boston Elevated Railway, 235 Mass. 482. It is equally well established that whatever questions of law might have been raised at the trial on the merits cannot be presented as of right on a motion for a new trial, Flynn vs. Johnson, 234 Mass. 36, Lonergan vs. American Railway Express Co., 250 Mass. 30. The Court, however, may as a matter of discretion permit such questions to be raised for the first time on such a motion. Loveland vs. Rand, 200 Mass. 142, Ryan vs. Hickey, 240 Mass. 46, 47, Kelly vs. Jordan Marsh Co., 278 Mass. 101.
In the case at bar, the question sought to be raised by the defendant’s requests might have been presented at the trial on the merits. The trial Judge could have refused to *420 pass upon such questions of law on the motion for a new trial. But he appears to have received and dealt with those requests. This he had a right to do, and so we interpret the record as presenting for determination by this Court, the question of law presented by the requests, namely whether the plaintiff can recover for consequential damage when his own negligence contributed to that damage.
We are of the opinion the plaintiff is barred from recovering by his own contributory negligence. It has long been established that one who was violating a criminal law con-not recover for an injury to which his criminality was a directly contributing cause. Bourne vs. Whitman, 209 Mass. 155 and cases cited, Perry vs. Stanfield, 278 Mass. 563-570. Similarly a person is barred from recovery where his own wrongful conduct contributed to his damage. Holly vs. Boston Gas Light Company, 8 Gray 123, and it is perhaps, sufficient to base that principle of law on the maxim that no one should profit by his own wrong. However, it is probably more accurate to say, the rule is the necessary consequence of the grounds upon which the doctrine of contributory negligence rests. The law will not undertake to apportion the consequences of concurring acts of negligence, and so when injury is caused by the concurring negligence of two or more persons, each is liable for all the damage thus caused. When, therefore, a plaintiff has been damaged by his own negligent act as well as by the negligence of the defendant he cannot recover at all. Many jurisdictions have applied, this principle in actions to recover for consequential damages. Kokesh vs. Price, 136 Minn. 304, Beliefontaine Rway Co. vs. Snyder, 24 Oh. Sh. 670, Kimball vs. Bauckman, 158 Atl. Rep. 694 (Maine), Kimpel vs. Moon, 174 Atl. Rep. 209 (N. J.), Menger vs. Laur, 55 N. J. Law 205, McKay vs. Syracuse R. T. Ry. Co., ... N.Y. 359, Met *421 calfe vs. Rochester Railway Co., 42 N. Y. Sup. 661. See also Thibeault vs. Poole, 283 Mass. 480.
There was error in denying the defendant’s first request. Judgment for the plaintiff is to be vacated and judgment entered for the defendant.