129 N.J. Super. 516 (1974)
324 A.2d 106
MARIE B. SCOTT, PLAINTIFF,
v.
ABE RICHSTEIN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 3, 1974.
*517 Mr. Barry Knopf for plaintiff (Messrs. Cohn and Liftland, attorneys, Mr. Peter S. Pearlman on the brief).
Mr. Edward M. Gurry for defendant (Messrs. Gurry and Conlan, attorneys; Mr. Thomas P. McHugh on the brief).
JOELSON, A.J.S.C.
This is a motion brought by defendant to dismiss a complaint by reason of R. 4:28-3(b).
Plaintiff and her husband were involved in an automobile accident with defendant. The husband, who was a passenger in a car driven by his wife, brought suit for personal injuries against defendant. During the pendency of that action he died, and his wife ultimately settled the case as executrix of her husband's estate. Thereafter, she brought this action seeking damages for her own personal injuries allegedly resulting from the accident.
Defendant contends that plaintiff's action is barred by R. 4:28-3(b) which provides:
All claims by spouses for physical injury and consortium losses resulting from the same course of negligent conduct of others shall be joined in a single action and shall be deemed to have been waived
if not so joined unless the court, for good cause shown, otherwise orders.
A cursory reading of R. 4:28-3(b) without reference to its judicial history would justify the construction placed upon it by defendant. However, it is the opinion of the court that the rule does not bar this cause of action.
Central to a discussion of this issue is Ekalo v. Constructive Service Corp. of America, 46 N.J. 82 (1965). That case established the right of a wife to sue for loss of consortium, and the opinion states:
In recognizing a wife's claim for loss of consortium, we may, of course, condition it upon joinder with her husband's claim; in any event, our rule-making powers are clearly comprehensive enough to support a new rule requirement that all claims by husbands and wives for physical injuries and consortium losses resulting from negligent conduct by others must be joined so that they may be tried before a single jury or before a single judge if a jury be waived.
*518 Subsequent to the decision in Ekalo, R. 4:28-3(b) was adopted. Echoing as it does the very language of Ekalo quoted above, the rule must be regarded as an implementation of the decision, which was limited to the desirability of joining an action for loss of consortium by one spouse with the personal injury action of the other spouse.
In these times when the individual rights of both parties to a marriage are being increasingly recognized, it would be sailing against the current to construe the rule so as to require each spouse who sustained personal injuries in an accident to retain the same attorney in order to bring a single action. However, since an action for loss of consortium is entirely derivative from the other spouse's personal injury action, there is more logic in requiring such actions to be brought jointly under a single complaint.
As a practical matter, most separate actions by spouses for personal injuries will very likely be consolidated for trial under R. 4:38-1, which provides for consolidation where common questions of law or fact are involved. There is no good reason to add to court backlogs by trying such cases separately. However, it is the opinion of the court that R. 4:28-3(b) does not command their being joined in a single complaint filed by a single attorney.
Court records disclose that plaintiff's counsel in this case was the same counsel who settled the claim of the husband's estate. The court does not know whether counsel was aware at the time of such settlement that the wife claimed injuries for which it was intended that she would institute suit subsequently. It should be mentioned, however, that any concealment of such information from defendant's counsel would be regrettable practice which would fall short of the fair and open dealing which attorneys should have the right to expect from one another.
The motion will be denied.