ETHEL T. RICHARDSON, PLAINTIFF-APPELLANT, v. JESSE KULICK AND GARDEN STATE LUMBER PRODUCTS, DEFENDANTS-RESPONDENTS, AND NORRIS W. RICHARDSON, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued September 22, 1986—Decided October 10, 1986.

Before Judges PETRELLA, GAYNOR and SCALERA.

*Ronald W. Spevack* argued the cause for appellant (*Spevack* and *Cameron*, attorneys, *Spevack*, on the brief).

*Joseph DiRienzo* argued the cause for respondent (*DiRienzo* and *Ruotolo*, attorneys, *Paul Mancuso*, on the brief).

The opinion of the court was delivered by

SCALERA, J.A.D.

Plaintiff appeals from an order of the trial court dismissing her complaint seeking to recover damages for personal injuries.

We reverse and remand for a plenary hearing on the underlying motion to dismiss.

On March 16, 1984, the plaintiff, Ethel Richardson, was riding as a passenger in an automobile being driven by her husband, defendant Norris W. Richardson. That vehicle collided with a vehicle being operated by defendant Jesse Kulick and owned by defendant Garden State Lumber Products. As a result of the accident both Mr. and Mrs. Richardson suffered personal injuries.

Mr. Richardson instituted suit against Kulick and Garden State on October 11, 1984. He was represented by the law firm of Coredemus and Coredemus which also joined the wife as a party plaintiff for the purpose of recovery of her consortium or "per quod" claim only. An answer to the complaint was filed by the law firm of DiRienzo and Ruotolo, at the direction of the insurance carrier for Kulick and Garden State. During the course of deposition proceedings defense counsel was specifically informed that Mrs. Richardson had suffered personal injuries in the same accident and, that she was represented by attorney Ronald Spevack "in connection with that."

Eventually the suit instituted by Coredemus and Coredemus to recover for Mr. Richardson's personal injuries and Mrs. Richardson's *per quod* claim was settled. A release prepared in connection with that disposition dated June 20, 1985, specified that Mrs. Richardson, "joins in the execution of this release solely to release her per quod claims."

On January 13, 1986 attorney Ronald Spevack instituted the instant action on behalf of Mrs. Ethel Richardson and against Kulick, Garden State *and* her husband to recover for the personal injuries she had suffered in the accident.[1] Again, DiRienzo and Ruotolo filed an answer on behalf of Kulick and Garden State. Shortly following, these defendants moved to

---

[1]There is nothing in the record submitted to us to indicate whether Mr. Richardson has filed an answer to this complaint.

dismiss Mrs. Richardson's complaint based on her failure to comply with the provisions of *R.* 4:28–3(b). A certification in opposition was filed on her behalf which averred only conclusions of law. The trial judge decided the motion without hearing any testimony or oral argument and granted a dismissal of the complaint, ostensibly against all the defendants. *Cf.* *R.* 1:6–2.

■ *R.* 4:28–3 provides as follows:

Claims by or against spouse.

(a) Generally. Claims by or against a husband and wife may be joined with claims by or against either of them separately.

(b) Mandatory joinder of spouses in certain negligence actions. All claims by spouses for physical injury and consortium losses resulting from the same course of negligent conduct of others shall be joined in a single action and shall be deemed to have been waived if not so joined unless the court, for good cause shown, otherwise orders.

This rule was established as part of the 1969 revision in response to the determination of our Supreme Court in *Ekalo v. Constructive Serv. Corp. of America,* 46 *N.J.* 82 (1965) which established a claim for loss of consortium. During the course of the opinion, that Court indicated its view that a consortium claim should be joined in a single proceeding with the claim of the injured spouse in order to protect against the danger of a double recovery which might occur in separate suits. *Id.* at 91–92. Citing *Korff v. G. and G. Corp.,* 21 *N.J.* 558, 567 (1956), it also indicated that a joinder would further serve the purpose of disposing of all matters in controversy between the parties in a single proceeding. *See Pressler, Current N.J. Court Rules,* Comment *R.* 4:28–3 (1986).

In *Scott v. Richstein,* 129 *N.J. Super.* 516 (Law Div.1974), a case factually similar to the instant action, the court held that *R.* 4:28–3 did not bar the wife's separate action because the mandatory joinder provision relates to a spouse's consortium claim only.

Respondents here urge that *R.* 4:28–3 by its terms, effectively bars Mrs. Richardson's suit because she should have included

her claim for "physical injury" when she filed the claim for *per quod* damages in her husband's suit. They argue further, that the judge in *Scott* erred in restricting the application of that rule to derivative claims since the rule provides otherwise by its very terms. Moreover, they contend that the claim is barred by application of the so called "entire controversy doctrine" referred to in *Korff, supra,* and upon which the *Ekalo* court relied in suggesting mandatory joinder.

We agree with respondents that *R.* 4:28-3, by its very terms, does not limit its application to derivative *per quod* claims and to the extent that *Scott* is in conflict with that position we disapprove of its holding. It must be presumed that the Supreme Court, in promulgating the rule with provisions that are clearly broader than the underlying language of its decision in *Ekalo,* was fully aware of the effect of a rule which requires "[a]ll claims by spouses for physical injury and consortium losses ..." to be joined in one action.

However, our concern with the disposition in this case arises from the fact that neither the parties nor the trial judge dealt with or considered application of the modifying language of the rule, which permits the court to excuse compliance with its provisions where one demonstrates "good cause." At oral argument we were advised that the wife's separate suit could not have been instituted earlier because she had suffered serious injuries "which had not been resolved" when the husband instituted suit through separate counsel. Further, it was conceded that the same defense attorneys in both suits were fully aware of the outstanding and unresolved claim of the wife, from which one may infer that the insurance carrier for Kulick and Garden State was also aware of this fact. It becomes evident that the trial court should have been furnished with *all* of these relevant facts. It could have then properly determined if the mandatory joinder requirement of the rule was rendered inapplicable because of facts that would permit relief from the rule in the exercise of its discretion.

The litigants here should have detailed and presented to the trial court the underlying operative facts and directed the court's attention to the "good cause" provision of the rule. Normally, we would merely affirm the trial court's decision in view of the absence of evidence produced by plaintiff directed to that issue. However, it appears that her counsel erroneously relied on the decision in *Scott, supra,* in mounting a defense to the motion. Thus, we think the interests of justice are best served by remanding this matter to the trial court. A new hearing on the motion may be conducted where the parties will have a full opportunity to present all relevant evidence and permit the trial court to exercise an informed discretion not inconsistent with this opinion. *Conklin v. Davi,* 76 *N.J.,* 468, 471–72 (1978); *Blumberg v. Dornbusch,* 139 *N.J. Super.* 433, 439 (App.Div.1976).

Reversed and remanded. We do not retain jurisdiction.