262 N.J. Super. 225 (1993)
620 A.2d 479
MARILYN HAUCK & THOMAS HAUCK, PLAINTIFF,
v.
WAYNE DANCLAR, M.D., ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division (Civil), Atlantic County.
Decided January 15, 1993.
*226 Stephen Rubino for plaintiff Mary Hauck.
Thomas Vesper for plaintiff Thomas Hauck (McAllister, Westmoreland, Vesper & Schwartz, attorneys).
Jeffrey S. Chiesa for defendants (Dughi and Hewit, attorneys).

OPINION
WINKELSTEIN, J.S.C.
In this case the court is asked to decide if a spouse is entitled to separate counsel while pursuing a per quod claim. It appears to be a question of first impression in this jurisdiction. This opinion expands upon a ruling from the bench on January 8, 1993.
This is a medical malpractice action. Plaintiff Marilyn Hauck purports to have suffered injuries as a result of the alleged medical malpractice of defendants attendant to a hysterectomy. A motion has been filed to allow plaintiff/husband Thomas Hauck to be represented by an independent counsel at trial. *227 The parties concede that allowing Mr. Hauck to have independent counsel will not delay the trial.
Defendants, in opposition to the motion, argue that a per quod claim is derivative, only maintainable by reason of the spouse's injury, and independent counsel is not necessary. Plaintiffs' position is that even though it is a derivative claim, it is still an independent action of the husband and as such he is entitled to his own attorney.
A husband's consortium claim is distinct from a wife's claim for personal injuries. Patusco v. Prince Macaroni Inc., 50 N.J. 365, 368, 235 A.2d 465 (1967). A husband who sues for loss of consortium sues not in his wife's right but in his own. Kimpel v. Moon, 113 N.J.L. 220, 222, 174 A. 209 (Sup.Ct. 1934). Obviously, if the wife's claim for personal injuries fails, the husband would have no independent claim for consortium. In that regard, the claim is clearly derivative. However, it is also independent, as the damages which may be awarded to the spouse pursuant to the per quod claim are clearly different from the damages which may be awarded to the spouse suffering the direct injury as a result of defendants' alleged negligence.
Damages for loss of consortium include the loss of a spouse's services, society, companionship and comfort. Schuttler v. Reinhardt, 17 N.J. Super. 480, 486, 86 A.2d 438 (App.Div. 1952). These losses are personal to the spouse of the injured party. In Goodman v. Mead Johnson & Co. et al., 534 F.2d 566, 574 (3rd Cir.1976), both husband and wife brought actions against the manufacturer of birth control drugs claiming on behalf of the wife that use of the drug caused thrombophlebitis and cancer and, on behalf of the husband, that he was entitled to a separate consortium claim. The court in discussing the per quod claim concluded that although it was dependent upon an actionable wrong having been committed against the wife, the husband's per quod claim was independent from the wife's personal injury claim.
*228 The cited authority thus stands for the proposition that although a husband's (or wife's) consortium claim is derivative and dependent upon the other spouse prevailing in his/her suit for personal injuries, the claim remains independent, with separate and distinct damages available.
Therefore, since his consortium claim is independent, the next question becomes whether or not Mr. Hauck is entitled to his own attorney to pursue his claim. I find that he is. Although there is no constitutional requirement providing the right to counsel in a civil case, a party may have as many attorneys working on his case as he wishes, as long as he is willing and able to pay them. Oroshnik v. Schweiker, 569 F. Supp. 399, 400 (D.C.N.J. 1983). Engagement of counsel by civil litigants is principally dependent upon a litigant's financial capabilities. Judice's Sunshine Pontiac, Inc. v. General Motors Corp., 418 F. Supp. 1212, 1222, n. 34 (D.C.N.J. 1976).
In deciding an issue concerning the propriety of a restrictive covenant in a law partnership agreement which prohibited attorneys from representing certain insurance carriers, Judge Kimmelman, in discussing the strong public policy considerations affecting a client's ability to choose his own attorney, commented:
A client is always entitled to be represented by counsel of his choosing. (Marshall v. Romano, 10 N.J. Misc. 113, 114 [158 A. 751] (C.P. 1932)). The attorney-client relationship is consensual, highly fiduciary on the part of counsel, and he may do nothing which restricts the right of the client to repose confidence in any counsel of his choice. [Citation omitted]. No concept of the practice of law is more deeply rooted.
[Dwyer v. Jung, 133 N.J. Super. 343, 347, 336 A.2d 498 (Ch.Div. 1975).]
I find that Mr. Hauck is entitled to his own independent counsel to represent him in his per quod claim. Although the per quod claim is dependent on the viability of his wife's claim, if successful, his damages would be different from those available to his wife and he is entitled to counsel of his own choosing to pursue those damages. He has separate interests to be protected and he may be represented by separate counsel. *229 Both traditional concepts of a party's right to counsel, and common sense, require that the motion be granted.