144 A.3d 80

LINDA ALBERTS AND RANDY ALBERTS, HER HUSBAND, PLAINTIFFS, v. AUSTIN GAECKLER, AN INFANT, BY AND THROUGH HIS GUARDIAN AD LITEM PATRICIA GAECKLER; GAVIN CHAI, AN INFANT BY AND THROUGH HIS GUARD-IANS AD LITEM, SHEAU L. NG AND PCH N. CHIEAH, COUN-TY OF ATLANTIC, TOWNSHIP OF HAMILTON, DEFENDANTS.

Superior Court of New Jersey
Law Division
Atlantic County

Decided: December 1, 2014

552

*Dominic R. DePamphilis* for plaintiffs (*D'Arcy, Johnson, Day*, attorneys).

*Alan J. Cohen* for defendants (*James F. Ferguson*, Atlantic County Counsel, attorney).

SAVIO, J.S.C.

In this opinion, the court addresses two related issues not previously addressed by any Court of the State of New Jersey in any reported opinion:

(1) Is a claimant, who is asserting a bystander liability claim, required to comply with the notice requirements of the New Jersey Tort Claims Act (TCA), *N.J.S.A.* 59:1–1 to –14–4 in order to assert the bystander liability claim against a public entity or, does the filing of a timely tort claim notice (TCN) in accordance with *N.J.S.A.* 59:8–8 by the claimant who sustains the personal injury satisfy the notice requirements of the TCA for purposes of asserting the bystander liability claim? (2) If a separate TCN is not required to assert a bystander liability claim, does the two-year statute of limitations on personal injury actions bar a bystander liability suit if filed more than two years after accrual of the cause of action when the underlying personal injury suit is filed before the limitations period expires; or, does the filing date of the amended complaint asserting the bystander liability claim relate back to the date of filing of the original complaint?

In the opinion of this court, a plaintiff asserting a bystander liability claim in accordance with *Portee v. Jaffee*, 84 *N.J.* 88, 417 *A.*2d 521 (1980) must comply with the notice requirements of the TCA and the date of filing of an amended complaint alleging entitlement to damages based upon a bystander liability claim does not relate back to the date of the filing of the original complaint for purposes of the running of the statute of limitations. The application to dismiss the bystander liability claim is granted and the bystander liability claim against Atlantic County is dismissed with prejudice.

Plaintiff Linda Alberts (plaintiff), alleges that on May 12, 2012, she suffered personal injuries when she fell from a bicycle on a bike path owned by defendant, County of Atlantic (defendant).[1] Plaintiff alleges that Austin Gaeckler, Gavin Chai, and Pch N. Chieah were each negligently operating bicycles and the negligence of each operator of the bicycles proximately caused the fall and her injuries. Plaintiff alleges that the bike path was in a dangerous condition, that defendant had either actual or construc-

---

[1] Since this opinion only addresses the viability of the bystander liability claim against Atlantic County, all references to the defendant are intended to describe the claim against Atlantic County.

tive notice of the dangerous condition a sufficient time prior to the fall to eliminate the dangerous condition by taking reasonable measures, and that defendant's acts or failure to act to eliminate or reduce the danger was palpably unreasonable. *N.J.S.A.* 59:4–2. Plaintiff seeks monetary compensation for the injuries she alleges she suffered proximately caused by the alleged wrongful conduct of all defendants. A loss of consortium claim is asserted on behalf of plaintiff's husband, Randy Alberts,[2] but the original complaint contains no allegation that could be interpreted as averring a claim for damages based upon an indirect claim for negligent infliction of emotional distress or a bystander liability claim.

In accordance with *N.J.S.A.* 59:8–8, plaintiff filed a timely TCN with defendant. Randy did not file a TCN, nor did the TCN filed on behalf of plaintiff suggest that Randy intended to assert a bystander liability claim.

*N.J.S.A.* 59:8–4 describes the required content of the TCN. The notice must include:

a. the name and post office address of the claimant;

b. the post office address to which the person filing the TCN desires notices to be sent;

c. the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

d. a general description of the injury, damage or loss incurred so far as it may be known at the time of the presentation of the claim;

e. the name or names of the public entity, employee or employees causing the injury, damage or loss if known, and

f. the amount claimed as of the date of presentation of the claim including the estimated amount of any perspective injury, damage or loss insofar as it may be known at the time of presentation of the claim together with the basis of the computation of the amount claimed.

[*N.J.S.A.* 59:8–4].[3]

---

[2] For ease of reference and without intending any disrespect, the court will refer to Randy Alberts as Randy.

[3] *N.J.S.A.* 59:8–6 authorizes public entities to specify additional information to be included in a TCN.

The TCN filed on behalf of plaintiff advised defendant she suffered serious physical injury and advised defendant of the marital relationship with Randy. In the TCN, Randy is identified as "Randy Alberts, Husband." Plaintiff contends that she implicitly advised defendant that Randy made observations of her injury at the scene of the accident because her spouse is identified as one of the "individuals who were witnesses to or who have knowledge of the facts of the incident which gave rise to the claim." Plaintiff suggests that based on the information provided in the TCN, defendant could have conducted a reasonable investigation to determine whether a *Portee* claim by plaintiff's spouse existed and was being asserted by Randy.

The court acknowledges that the TCN could be interpreted as suggesting that there may be a claim for damages by Randy for the loss of consortium of his wife. However, the TCN does not contain any information that could possibly be construed as a description of the injuries sustained by Randy as a result of being an eyewitness to the injuries of his wife. *N.J.S.A.* 59:8–4(d). The TCA simply references that plaintiff's husband was a potential witness to the incident.

Shortly after the complaint was filed, but more than two years after the accident, plaintiff filed a notice of motion to amend the complaint to add a Count VI alleging that Randy was entitled to compensation for the emotional damage he suffered as a result of being an eyewitness to the incident that resulted in injury to his wife. The court granted plaintiffs' motion to file an amended complaint to assert the bystander liability claim. In the Memorandum of Decision allowing the filing of the amended complaint, the court noted: "[h]owever, the court makes not [sic] determination at this juncture on any application that may be filed by the defense." Thereafter, on July 14, 2014, a first amended complaint was filed adding a bystander liability claim on behalf of Randy. On October, 29, 2014, in accordance with *Rule* 4:6–2(e), defendant filed a notice of motion to dismiss the bystander liability claim in the amended complaint for failure to state a claim.

Defendant asserts that the bystander claim must be dismissed because Randy failed to file a TCN alleging entitlement to damages based upon a bystander liability claim. Defendant avers that there is no information contained in the TCN filed on behalf of plaintiff that suggested that Randy intended to assert a bystander liability claim against defendant. The deadline to file a notice of tort claim against defendant for the incident in question expired ninety days after accrual of the cause of action. *N.J.S.A.* 59:8–8. Randy's cause of action based upon bystander liability accrued when he observed the incident on the bike path when plaintiff was injured. *Grunwald v. Bronkesh*, 131 *N.J.* 483, 493, 621 *A.*2d 459 (1993); *Strauss v. Twp. of Holmdel*, 312 *N.J.Super.* 610, 624, 711 *A.*2d 1385 (Law Div.1997)

In addition to moving to dismiss the bystander liability claim for failure to comply with the notice requirements of the TCA, defendant contends that the filing of Count VI of the amended complaint after the expiration of the two-year statute of limitations, *N.J.S.A.* 2A:14–2, renders the amended complaint susceptible to dismissal and that the date of filing of the amended complaint does not relate back to the date of filing of the original complaint.

In New Jersey, the TCA governs tort claims against public entities for money damages. *N.J.S.A.* 59:1–1 to –12–3. " '[T]he Act establishes the procedures by which claims may be brought,' including a mandatory pre-suit notification of [the] claim." *Rogers v. Cape May Cty. Office of the Pub. Defender*, 208 *N.J.* 414, 420, 31 *A.*3d 934 (2011) (quoting *Beauchamp v. Amedio*, 164 *N.J.* 111, 116, 751 *A.*2d 1047 (2000)). A claimant may not bring an action against a public entity under the TCA unless there is compliance with its notice requirements of the TCA. *N.J.S.A.* 59:8–3, 59:8–4 and 59:8–8. The purposes of the notice to the public entity defendant are to: (1) allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) provide the public entity with prompt notification of a claim in order to adequately investigate the facts

and prepare a defense; (3) afford the public entity a chance to correct the conditions or practices which gave rise to the claim; and (4) inform the [public entity] in advance as to the indebtedness or liability that it may be expected to meet. *Beauchamp, supra,* 164 *N.J.* at 121–22, 751 *A.*2d 1047 (internal quotation marks and citations omitted). The Supreme Court has provided that "[i]n determining the timeliness of a Tort Claims Act TCN, the trial court's inquiry ... begins with the date upon which the claim accrues." *McDade v. Siazon,* 208 *N.J.* 463, 475, 32 *A.*3d 1122 (2011) (citing *Beauchamp, supra,* 164 *N.J.* at 118–19, 751 *A.*2d 1047).

Relying on *Rule* 4:6–2(e), defendant makes this application to dismiss Count VI of the amended complaint for failure to state a cause of action. The Supreme Court has established a narrow standard required for a *Rule* 4:6–2(e) motion. *Printing Mart–Morristown v. Sharp Elecs. Corp.,* 116 *N.J.* 739, 563 *A.*2d 31 (1989). In evaluating if complaints are sufficient to state a claim upon which relief could be granted, a trial court is required to "assum[e] that the allegations of the pleading are true and afford[ ] the pleader all reasonable factual inferences." *Seidenberg v. Summit Bank,* 348 *N.J.Super.* 243, 250–51, 791 *A.*2d 1068 (App. Div.2002). The court must search the pleading "in depth and with liberality to determine whether a cause of action can be gleaned even from an obscure statement." *Id.* at 251, 791 *A.*2d 1068 (citing *Printing Mart, supra,* 116 *N.J.* at 746, 563 *A.*2d 31). Because *Rule* 4:6–2(e) "requires that the pleading be generously examined and ... all matters outside the pleadings be excluded, the motion is granted only in rare instances." *Ibid.* "The examination of a complaint's allegations of fact required by the aforementioned principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." *Printing Mart–Morristown, supra,* 116 *N.J.* at 746, 563 *A.*2d 31.

The Supreme Court in *Portee* held that a cause of action for the negligent infliction of emotional distress requires proof of the following elements: "(1) the death or serious physical injury of

another caused by defendant's negligence; (2) a marital or intimate, familial relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress." *Portee, supra,* 84 *N.J.* at 101, 417 *A.*2d 521. The protection of one's interest in personal emotional stability warrants the recognition of a new species of negligence liability based on the culpable conduct of the negligent defendant. *Ibid.* "The emotional harm following the perception of the death or serious injury to a loved one is just as foreseeable as the injury itself, for few persons travel through life alone." *Ibid.* Therefore, while a *Portee* claim requires the same proofs of liability as the underlying negligence liability action, the bystander liability plaintiff's right to recover is not derivative of the underlying tort claim, but rather a "direct injury to their own independent rights." *Mansour v. Leviton Mfg. Co.*, 382 *N.J.Super.* 594, 603–04, 890 *A.*2d 336 (App.Div.2006); *Goncalvez v. Patuto*, 188 *N.J.Super.* 620, 628, 458 *A.*2d 146 (App.Div.1983) (holding that plaintiff's emotional injury claim from the observation of his brother's fatal bicycle-automobile accident is not derivative of the brother's injury and death).

In *Goncalvez*, appellate court Judge Pressler, writing for the court, determined that a minor plaintiff's claim for emotional injury resulting from the observation of the fatal accident that led to his brother's death constituted his own independent claim separate and apart from the original claims brought for wrongful death, survival, and the parents' per quod claim in connection with the survival claim. *Ibid.* "All of these claims arose out of the alleged negligent injury and resulting death of Mario." *Ibid.* The court concluded that plaintiff's emotional injury claim "is not derivative therefrom in any practical or technical sense." *Id.* at 629, 458 *A.*2d 146. Essentially, a *Portee* claim or bystander liability claim is the same as if the person seeking to recover sustained their own physical injuries in the underlying accident, but no lawsuit was commenced on their behalf. *Id.* at 629, 458 *A.*2d 146.

■ Plaintiffs oppose defendant's motion arguing that Randy has substantially complied with the notification requirements of the TCA because: (1) there has been general compliance with the notice requirements; and (2) defendant will not be prejudiced by the presentation of the *Portee* claim. Plaintiffs rely on *Milacci v. Mato Realty Co.*, 217 *N.J.Super.* 297, 525 *A.*2d 1120 (App.Div. 1987) in support of its contention that a husband's per quod claim substantially complies with the notice requirements of the TCA. In *Milacci*, the husband's name and date of birth appeared on the wife's TCN. *Id.* at 304, 525 *A.*2d 1120. The Appellate Division held that a spouse is not required to file a separate TCN to file a per quod claim for loss of services. *Id.* at 306, 525 *A.*2d 1120.

■ The court rejects the notion that the TCN filed on behalf of the injured claimant, which does not include any suggestion that a *Portee* claim is being asserted, substantially complies with the notice requirements of the TCA for purposes of averring a by-stander liability claim. Our appellate courts have recognized that substantial compliance with the notification requirements of the TCA may be sufficient to comply with the notice requirements of the TCA. *Pilonero v. Twp. of Old Bridge*, 236 *N.J.Super.* 529, 535, 566 *A.*2d 546 (App.Div.1989). "'[S]ubstantial compliance means that the notice has been given in a way, which though technically defective, substantially satisfies the purposes for which notices of claims are required.'" *Lebron v. Sanchez*, 407 *N.J.Super.* 204, 216, 970 *A.*2d 399 (App.Div.2009) (quoting *Lameiro v. W. N.Y. Bd. of Educ.*, 136 *N.J.Super.* 585, 588, 347 *A.*2d 377 (Law Div.1975)). The Appellate Division has concluded that no substantial compliance existed where, "[a]lthough the information which plaintiff supplied to the municipal clerk's office ordinarily would satisfy the statutory requirements, it was not in written form," which is "essential under the statute." *Anske v. Borough of Palisades Park*, 139 *N.J.Super.* 342, 348, 354 *A.*2d 87 (App.Div.1976). See *Wunschel v. City of Jersey City*, 96 *N.J.* 651, 667–68, 477 *A.*2d 329 (1984) (concluding the filing of a workers' compensation petition did not demonstrate substantial compliance because it did not give notice

of intention to assert wrongful death claim against public entity); *Lameiro, supra,* 136 *N.J.Super.* at 588, 347 *A.*2d 377 (holding attorney's letter to school principal asking for name and address of student who injured client did not constitute substantial compliance).

The TCN filed by plaintiff does not explicitly or implicitly suggest Randy intends to assert a bystander liability claim any more than the original complaint suggests that Randy was asserting a bystander liability claim. Randy is not identified as an eyewitness to the accident; only a witness. As plaintiff's husband, it would have been logically assumed that he would be testifying about the effect of the injuries suffered on his wife's lifestyle or how the injury to his wife affected his life. There is nothing in the TCN filed on behalf of plaintiff that would alert defendant to the fact that Randy was making his own claim for indirect negligent infliction of emotional distress. There is no general description of any injury allegedly suffered by Randy as a result of defendant's alleged wrongful conduct. There is no description of any basis for any claim being asserted on behalf of Randy. This court does not believe that the TCA requires a public entity to assume every time it receives a TCN in which a spouse is named as a potential witness that the spouse may be making a claim for bystander liability thereby triggering an obligation to spend taxpayer funds to investigate the possibility of such a claim being asserted. Accordingly, this court rejects plaintiff's assertion that Randy substantially complied with the notice requirements of the TCA by virtue of the filing of the TCN on behalf of plaintiff.

Randy argues that he has the right to file the bystander liability claim because the TCA does not require a separate TCN to assert a bystander liability claim. Randy suggests that his *Portee* claim should be treated the same as a loss of consortium claim and a notice of intent to make a bystander liability claim is not required to make a per quod claim. *Milacci, supra,* 217 *N.J.Super.* at 306, 525 *A.*2d 1120.

In *Milacci,* Judge Shebell reasoned that a separate notice of claim was not required for a spouse to assert a per quod claim because to require a separate TCN would mean that the spouse making the per quod claim would have to complete a lengthy claim form and the information called for as to both claims "would be identical in virtually every aspect." The investigation conducted by the public entity to determine the merits of the claim would necessarily cover the same ground as the investigation of the per quod claim. If the TCN filed by the injured party simply contained the words "and on behalf of my husband," the per quod claim would be in compliance with the notice requirements of the TCA. *Milacci, supra* 217 *N.J.Super.* at 306, 525 *A.*2d 1120.

A TCN filed on behalf of a party asserting a bystander liability claim would not be virtually identical to the claim filed on behalf of the injured party. The public entity would of necessity have to investigate the location of plaintiff in the bystander liability suit at the time of the tort to determine if the contemporaneous observation requirement of a *Portee* claim can be satisfied. In addition, investigation would have to be conducted to determine whether the bystander liability plaintiff required medical or psychological treatment because he or she witnessed the injury to determine whether plaintiff suffered serious emotional distress as a proximate result of observing the incident.

Defendant is not moving to dismiss Randy's per quod claim. Rather, defendant avers that the bystander liability claim should be dismissed because it is an entirely different claim involving different facts, different causes of action, and different injuries when compared to the underlying personal injury claim. Therefore, a TCN specifically asserting bystander liability is required before plaintiff is authorized to file suit seeking recovery based upon a bystander liability claim.

Defendant relies upon the appellate court opinion in *Pilonero, supra,* 236 *N.J.Super.* 529, 566 *A.*2d 546, in which the court recognized the existence of a separate cause of action mandating compliance with the reporting requirement under the TCA as

opposed to a derivative claim. In *Pilonero*, one person involved in a motor vehicle accident filed a timely TCN against the public entity. *Id.* at 531, 566 *A.*2d 546. Another person, who was injured in the same accident, did not file a TCN, but filed an amended complaint adding the public entity as a defendant in the consolidated matters. *Ibid.* The party that did not file the TCN argued that the TCA did not require the filing of a separate TCN on behalf of each party injured in the same accident. *Ibid.* The filing of one TCN by one injured party, according to the plaintiff, authorized all persons involved in the accident who suffered personal injury to file suit against the public entity without the filing of additional notices. *Id.* at 532, 566 *A.*2d 546. The Appellate Court rejected plaintiff's argument and held each injured party must file a separate TCN. *Id.* at 535, 566 *A.*2d 546. The court reasoned, "[T]wo entirely separate claims by different parties with different injuries and damages are involved" was distinguishable from a situation where the TCN would say the same thing if it was sent from one plaintiff or another. *Id.* at 533–34, 566 *A.*2d 546.

A per quod action is a claim for compensation for the loss of a spouse's companionship and services due to defendant's harmful actions. *Kibble v. Weeks Dredging & Constr. Co.*, 161 *N.J.* 178, 190, 735 *A.*2d 1142 (1999); Black's Law Dictionary 1028 (5 ed. 1979) ("A per quod claim is an action 'per quod consortium amisit.' In old pleading, [it meant] whereby he lost the company [of his wife]"). Generally, a claim for loss of consortium is derivative of the injured spouse's cause of action against the tortfeasor. *Tichenor v. Santillo*, 218 *N.J.Super.* 165, 173, 527 *A.*2d 78 (App.Div. 1987). "It depends upon and is incidental to the personal injury action." *Ibid.* On the other hand, courts have explained the critical distinction that "it is also independent, as the damages which may be awarded to the spouse pursuant to the per quod claim are clearly different from the damages which may be awarded to the spouse suffering the direct injury." *Hauck v. Danclar*, 262 *N.J.Super.* 225, 227, 620 *A.*2d 479 (Law Div.1993). In *Hauck*, Judge Winkelstein, then assigned to the Law Division, determined that a

spouse may be represented by separate counsel in a personal injury action because the per quod claim is independent from the underlying medical negligence claim. Despite their independence, consortium claims must be joined with the primary claim in a single action. *R.* 4:28-3. *See Richardson v. Kulick*, 213 *N.J.Super.* 250, 254, 517 *A.*2d 149 (App.Div.1986). "The derivative claim can rise no higher than the personal injury claim of the other spouse." *Tichenor, supra*, 218 *N.J.Super.* at 173, 527 *A.*2d 78 (quoting Prosser & Keaton on Torts (5th ed. 1984) § 125 at 938)). Although a spouse's consortium, per quod claim is derivative and dependent upon the other spouse prevailing in his or her suit for personal injuries, the claim remains independent in that separate and distinct damages are available to the spouse making such claim. *Hauck, supra*, 262 *N.J.Super.* at 228, 620 *A.*2d 479. If a wife's claim for personal injuries fails, the husband would have no independent ground for a consortium claim. *Id.* at 227, 620 *A.*2d 479.

However, the issue before the court is not whether the statute of limitations is tolled on the derivative claim because the statute of limitations is tolled on the underlying personal injury claim, but whether the bystander liability claim can be asserted after the expiration of the statute of limitations on the underlying personal injury claim.

In the opinion of this court, an action for loss of consortium, as well as an action for loss of the services of a child is different from an action for a *Portee* claim for negligent infliction of emotional distress. *Tichenor, supra*, 218 *N.J.Super.* 165, 527 *A.*2d 78. Where a spouse brings an action for loss of consortium, that spouse is entitled to fair and reasonable compensation for the loss of services, companionship, and comfort that the injured spouse provided. *Id.* at 176, 527 *A.*2d 78 (quoting *Zalewski v. Gallagher*, 150 *N.J.Super.* 360, 372, 375 *A.*2d 1195 (App.Div.1977)).

On the other hand, an action for negligent infliction of emotional distress, i.e. a bystander liability claim, provides com-

pensation to the spouse or close family member for witnessing the painful experience caused by defendant's negligent conduct, which may in turn give rise to a cause of action for loss of consortium. *Tornquist, supra,* 208 *N.J.Super.* at 99, 504 *A.*2d 1226. "Consequently, actions for negligent infliction of emotional distress and actions for loss of consortium are more properly perceived as two different remedies for two different types of injuries." *Ibid.*

In support of dismissing the husband's claim, the State relied upon the holding in *Madej v. Doe,* 194 *N.J.Super.* 580, 586, 477 *A.*2d 439 (Law Div.1984) that a per quod claim of a husband is barred where the governmental entity had no notice of the per quod claim. The court in *Milacci* distinguished the facts of the case before it from those in *Madej* by noting that plaintiff's name and birth date were referenced on the notice form. *Milacci, supra,* 217 *N.J.Super.* at 304, 525 *A.*2d 1120. Full and timely notice of the circumstances surrounding the accident were provided to the State, and as such, "the State could have through reasonable investigation or inquiry determined that a per quod claim existed." *Ibid.*

The *Milacci* court concluded that it would be unjust to bar plaintiff's per quod claim in light of the ambiguity surrounding the statute's notice requirements. *Id.* at 306, 525 *A.*2d 1120. Further, there is no indication that "the Legislature intended that both a husband and wife should have the burden of each completing the lengthy claim forms that have been developed by the State." *Ibid.* The information needed to determine the merits of the wife's claim would essentially be identical to the information needed to determine the merits of the husband's per quod claim. *Ibid.* Finally, the court held that it did not foresee any prejudicial harm to governmental agencies because of its holding. *Ibid.*

The court concludes that Randy's *Portee* claim for negligent infliction of emotional distress is not derivative of plaintiff's personal injury claim. Randy is asserting his own independent claim for damages separate and apart from plaintiff's compensation claim. The compensation that may be potentially awarded to Randy on account of the bystander liability claim is not dependent

on the extent of the injury sustained by plaintiff in the underlying liability action. The compensation for the damage suffered as a result of the loss of services of plaintiff depends to a large extent on the extent of the disability plaintiff suffered in the accident. Therefore, the filing of a separate TCN pursuant to the Tort Claims Act is necessary. The failure to file the TCN on behalf of Randy specifically asserting a bystander liability claim is fatal to asserting a cause of action for compensation based on bystander liability.

 There is no question but that the statute of limitations on a personal injury claim by a minor is tolled until the minor reaches the age of majority. Furthermore, a parent's claim for loss of the services of the child due to the negligence of another is tolled during the time the child is a minor. *N.J.S.A.* 2A:14–2.1. Moreover, if a parent has the right to assert a bystander liability claim, that claim is not governed by the two-year personal injury statute of limitations, rather a bystander liability claim may be filed as long as the child's claim is not barred by the statute of limitations. *Mansour, supra,* 382 *N.J.Super.* at 604, 890 *A.*2d 336. "The essential elements of a parent's *Portee* claim will include the elements of the child's claim." *Ibid.* If the parent is not permitted the same tolling period as the child, the parent will be forced to file within two years for a claim that the child may pursue years later. The *Mansour* court determined that its conclusion was consistent with the underlying rationale of the entire controversy doctrine, *Rule* 4:30A, to avoid the duplication of lawsuits with the potential for inconsistent verdicts, and to promote judicial economy in a fair and equitable manner. *Ibid.*

 In this case, Randy is asserting the bystander liability claim as the spouse of plaintiff and not as the parent or minor sibling of the injured party. There is no suggestion that the two-year statute of limitations was tolled as to Randy's bystander liability claim. Therefore, the court concludes that the first amended complaint asserting Randy's bystander liability claim filed on

July 14, 2014, after the running of the two-year statute of limitations, is time-barred.

*Rule* 4:9–3 governs relation back of amended complaints and states, in pertinent part,

Whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth ... in the original pleading, the amendment dates back to the original pleading; but the court in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim.

In *Young v. Schering Corp.*, 275 *N.J.Super.* 221, 645 *A*.2d 1238 (App.Div.1994), *aff'd*, 141 *N.J.* 16, 660 *A*.2d 1153 (1995), the plaintiff filed a Conscientious Employee Protection Act (CEPA) claim (also known as a "whistleblower" action) along with several common law causes of action. The defendant successfully moved to dismiss all counts of the complaint other than the CEPA claim based upon the exclusivity of the CEPA remedy. *N.J.S.A.* 34:19–8 Thereafter, the defendant moved to dismiss the CEPA claim and the plaintiff amended the complaint to allege retaliation. The court observed that:

In interpreting this rule (*R.* 4:9–3), we must be mindful of the general proposition that "an entirely new and distinctly different cause of action cannot by means of an amendment of the pleadings be introduced after the statute has tolled the action."

[*Young, supra,* 275 *N.J.Super.* at 241, 645 *A*.2d 1238 (citations omitted) ].

Although the bystander liability claim arose at the same time as the personal injury claim, the bystander liability claim is an entirely new and separate cause of action from the underlying personal injury claim. Accordingly, the amended complaint filed on behalf of Randy after the expiration of the statute of limitations does not relate back to the date of the filing of the original complaint for purposes of the statute of limitations. For the aforementioned reasons, plaintiff's first amended complaint and Randy's Count VI *Portee* claim are dismissed with prejudice.