**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0357-25

KATHLEEN M. ADDESSA and
PAUL ADDESSA, her husband,

     Plaintiffs-Respondents,

v.

J. CHRISTIAN BOLLWAGE
PARKING GARAGE, PARKING
AUTHORITY OF THE CITY OF
ELIZABETH,

     Defendant-Appellant,

and

CITY OF ELIZABETH,

     Defendant.

_____

Submitted January 20, 2026 – Decided March 27, 2026

Before Judges Natali and Bergman.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3565-24.

Law Offices of James H. Rohlfing, attorneys for appellants (Amanda J. Hickey, of counsel and on the briefs).

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, attorneys for respondents (Eric G. Kahn, of counsel; Rubin M. Sinins, on the brief).

PER CURIAM

On leave granted, defendant Parking Authority of the City of Elizabeth (Authority) appeals from a Law Division order denying its motion to dismiss plaintiffs' claims for failure to comply with the notice requirements set forth in the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12-3. After our review of the record and application of the relevant legal principles, we reverse.

I.

We recite the underlying facts and procedural history based on the summary judgment record. On December 19, 2023, plaintiff Kathleen Addessa[1] was at the J. Christian Bollwage Parking Garage (Garage)[2] in Elizabeth when she allegedly fell and sustained injuries. The Garage is owned and operated by

---

[1] We refer to Kathleen Addessa as plaintiff, as Paul Addessa's claim is per quod only.

[2] As disclosed in defendant's brief, the J. Christian Bollwage Parking Garage is not an actual legal entity but rather the name of the parking garage which is located at 37 Caldwell Place in Elizabeth and owned by the Authority.

the Authority, which was created by municipal ordinance pursuant to N.J.S.A. 40:11A-1 to -26. On February 8, 2024, plaintiffs filed a Notice of Claim with the City of Elizabeth (City) Law Department located at City Hall in Elizabeth. The Notice of Claim named the City, the Garage, and the Parking Authority as targeted entities, and included all information required under N.J.S.A. 59:8-4. On February 20, 2024, the City responded by letter, formally denying plaintiff's claim and advising her that the City does not own, operate, maintain, nor control the Garage. The letter did not specifically disclose the owner and operator of the Garage was the Authority.

On the date plaintiff's accident occurred, the Authority prepared an incident report concerning plaintiff's fall, conducted an investigation, and notified its insurance carrier, who acknowledged receipt of the claim. It is undisputed that at no point was a TCA notice served directly on the Authority, nor is there evidence in the record that the City forwarded the Notice of Claim served on it to the Authority.

Plaintiff filed a complaint against the Garage, the Authority, the City, and other fictitious entities on September 30, 2024. On March 14, 2025, the Garage and Parking Authority moved to dismiss plaintiff's complaint, contending she failed to serve a notice of claim on the Authority as required by N.J.S.A. 59:8-

3

8. The trial court heard oral argument, denied defendants' motion, and ordered limited discovery focusing exclusively on the TCA notice issue.

After completion of the limited discovery, defendants moved for dismissal[3] for the second time, again citing plaintiffs' failure to comply with TCA notice requirements. Plaintiffs opposed, arguing they substantially complied with the notice requirements and there was a lack of prejudice to defendants. Plaintiff also asserted the Authority should be equitably estopped from raising TCA notice defenses. Plaintiff did not move for an order permitting her to file a late notice on the Authority under N.J.S.A. 59:8-9. Following oral argument, the court issued an order denying defendants' motion.

The court found although the plaintiff had only served a timely tort claim notice on the City, and not directly on the Authority, her actions were reasonable due to the confusing representations on the Garage's signage suggesting the Authority was part of the City. The court determined the doctrine of substantial compliance applied since the defendants were immediately aware of the incident, investigated and prepared a report, and suffered no prejudice. The court also held based on the confusing signage on the Garage that the doctrine

---

[3] The trial court converted defendants' motion to dismiss to a motion for summary judgment as it contained evidence outside of the pleadings. R. 4:6-2(e).

A-0357-25

of equitable estoppel applied to defendants, in order to prevent a manifest injustice.

The court reasoned that plaintiff's service of the TCA Notice on the City also satisfied notice requirements for the Authority, determining this was reasonable, since the Authority's independent status from the City was not evident from the signage in the Garage and public representations on its website. The court stressed confusion was foreseeable, and the plaintiffs should not be penalized, particularly when defendants could have clarified the appropriate owner of the Garage and the claim procedures required to file claims.

We granted the Authority's motion for leave to file an interlocutory appeal. On appeal, defendants contend the trial court erred because plaintiff failed to comply with the strict notice requirements of the TCA by not serving a timely notice directly on the Authority, a separate public entity from the City. The Authority maintains equitable estoppel and substantial compliance are inapplicable because there was no affirmative misleading conduct or "technical defect," as there was a complete absence of notice to the proper entity. The Authority asserts that responsibility for proper service rested with the plaintiffs and the trial court improperly shifted the burden by focusing on the Garage's

5

signage, which accurately reflected the Authority's name per statute, and that no legal authority requires public signage to specify service requirements.

## II.

We review the disposition of a summary judgment motion de novo, applying the same standard used by the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). Like the trial court, we view whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill, 142 N.J. at 540). If "the evidence 'is so one-sided that one party must prevail as a matter of law,'" courts will "not hesitate to grant summary judgment." Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The TCA governs claims against a public entity. "'[T]he Act establishes the procedures by which claims may be brought', including a mandatory pre-suit notification of [the] claim." Rogers v. Cape May Cnty. Office of the Pub. Def., 208 N.J. 414, 420 (2011) (quoting Beauchamp v. Amedio, 164 N.J. 111, 116 (2000)). A claimant may not bring an action against a public entity under the

6

TCA unless he complies with its notice requirements set forth in N.J.S.A. 59:8-8, which in pertinent part states:

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the 90th day after accrual of the cause of action. . . . The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> The claimant failed to file the claim with the public entity within 90 days of accrual of the claim.
>
> [(emphasis added).]

The purpose of the notice to the proper public entity defendant is:

> (1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense[;] (3) to afford the public entity a chance to correct the conditions or practices which gave rise to the claim; and (4) to inform the [public entity] in advance as to the indebtedness or liability that it may be expected to meet.
>
> [Beauchamp 164 N.J. at 121-22 (internal quotation marks and citations omitted).]

A "claim for injury or damages . . . against a local public entity shall be filed with that entity." N.J.S.A. 59:8-7 (emphasis added). The TCA requires that a claimant serve a Notice of Claim upon the public entity allegedly involved

A-0357-25

in the matter. Ibid.; N.J.S.A. 59:8-8. A claimant's unfamiliarity with the TCA's requirements does not, however, excuse the failure to file the notice with the correct public entity. S.P. v. Collier High Sch., 319 N.J. Super. 452, 465 (App. Div. 1999). "[I]gnorance of the [TCA's requirements] . . . 'without more, does not constitute sufficient reason for . . . delay.'" Ibid. (quoting O'Neill v. City of Newark, 304 N.J. Super. 543, 552 (App. Div. 1997)).

We first address the Authority's argument that the court erred in finding the plaintiff substantially complied with the TCA's notice provisions by the service of the TCA Notice on the City. "[S]ubstantial compliance means that the notice has been given in a way, which though technically defective, substantially satisfies the purposes for which notices of claims are required." Lebron v. Sanchez, 407 N.J. Super. 204, 216 (App. Div. 2009) (quoting Lameiro v. W. N.Y. Bd. of Educ., 136 N.J. Super. 585, 588 (Law Div. 1975)). In Lameiro, the court stated:

> Substantial compliance, however, is based on the notion that substantially all of the required information has been given to those to whom the notice should be given and that it has been given in a form which should alert the recipient to the fact that a claim is being asserted against the sovereign.
>
> [136 N.J. Super. at 588 (emphasis added).]

A-0357-25

Based on our review of the record, plaintiff failed to serve—and never has served—a notice of claim on the Authority at any time, nor did she move for an order permitting a late notice of claim to be filed pursuant to N.J.S.A. 59:8-9.[4] Having failed to timely notify the Authority of its claim, we conclude plaintiff is barred from now asserting a claim against the Authority.

Plaintiff cannot successfully assert that she substantially complied with those requirements when she made no attempt to file a TCA Notice against the Authority. See Margolis & Novack, Claims Against Public Entities, cmt. on N.J.S.A. 59:8-3 (2025). A TCA Notice served upon the wrong public entity does "not absolve plaintiff[] of the obligation to promptly identify [the proper

---

[4] N.J.S.A. 59:8-9, in pertinent part, states:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter. . . .

public entity] and serve a timely notice of claim." McDade v. Siazon, 208 N.J. 463, 479 (2011). In addition, the filing of plaintiff's complaint cannot be considered substantial compliance with the notice requirements. Guzman v. City of Perth Amboy, 214 N.J. Super. 167, 172 (App. Div. 1986).

Here, plaintiff acknowledged that she had not served the appropriate entity and she failed to file a motion for leave to file a late notice of claim afforded by the TCA. Because no motion pursuant to N.J.S.A. 59:8-9 was before it, we conclude the trial court improvidently denied the Authority's motion for summary judgment. Plaintiff's argument that service of the TCA Notice on the City substantially complied with the TCA's requirement to serve the Authority is unpersuasive as the TCA is clear the notice of claim for damages shall be filed with that entity." N.J.S.A. 59:8-7 (emphasis added). Because plaintiff never served the Authority nor was granted leave to file a late notice of claim against it, the dismissal of her complaint was required.

We now turn to defendants' assertion that the trial court erred by determining the Authority was equitably estopped from asserting its TCA notice defense.

> Equitable estoppel is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. The doctrine is rarely

10

> invoked against a governmental entity . . . . Nonetheless equitable considerations are relevant to assessing governmental conduct and may be invoked to prevent manifest injustice. In rare cases, courts have invoked equitable estoppel to relax the requirements of the Tort Claims Act when the defendant has misled the plaintiff about a material issue.
>
> [McDade, 208 N.J. at 480 (internal quotation marks and citations omitted).]

We part ways with the trial court's determination that equitable estoppel applied in this instance. Plaintiff's failure to timely file either the TCA Notice or a motion seeking leave to file a late TCA Notice was not attributable to any act or omission on the part of the Authority. Based on our review of the record, we differ from the trial court's finding that the signage in the Garage and the Authority's website was confusing or misled the plaintiff. The sign appropriately identified its owner and operator as the Authority. As pointed out by the Authority, the City was statutorily required by resolution to title the agency as the "Parking Authority of the City of Elizabeth." See N.J.S.A. 40:11A-4. We conclude the sign stating such was not misleading. We further note there is no obligation in the TCA requiring the Authority to post signage or other directives concerning the appropriate procedure to file claims against it as suggested by the trial court.

11

Based on our review of the record, we conclude the Authority did not engage in any affirmative act to mislead plaintiff, a necessary element of equitable estoppel. Further, the record shows plaintiff made no inquiry nor conducted any investigation, to ascertain the identity of the owner or entity responsible for maintaining the Garage, even after the City clearly informed plaintiff by letter sent several weeks prior to the expiration of the 90-day statutory period that it did not own or operate the Garage.

We conclude because plaintiff did not file and serve the TCA Notice on the Authority within ninety days of her fall, did not move for leave to file a late notice of claim, nor has she met the legal requirements to invoke the doctrines of substantial compliance or equitable estoppel, defendant's motion for dismissal of plaintiff's complaint was required.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

12